### State of Vermont v. Donna Benoit

[313 A.2d 387]

No. 218-72

Present: Barney, Smith, Keyser and Daley, JJ., and Hill, C. Supr. J.

Opinion Filed December 4, 1973

632

*E. Michael McGinn*, State's Attorney, and *Robert E. Farrar*, Deputy State's Attorney, for the State.

· *Robert Edward West*, Defender General, and *George E. Rice, Jr.*, Deputy Defender General, for Defendant.

**Smith, J.** The defendant, Donna Benoit, was charged with welfare fraud contrary to 33 V.S.A. § 2581. The offense charged allegedly took place between the 25th of May, 1971, and July 1, 1972. Trial by court was held on November 15 and November 16, 1972 before the District Court of Vermont, Unit No. 3, Franklin Circuit. On December 6, 1972, the lower court issued a judgment order finding that the defendant was guilty of the offense charged. Defendant has taken her appeal here from the judgment below.

The evidence, taken in the light most favorable to the State, was that the defendant was the mother of a minor child whose father was one Eugene Holbrook. The lower court found that the defendant on May 11, 1971, made an application for welfare benefits by executing a form "Application for Aid and Services" wherein she asserted that she "was with unborn child and that the father of such unborn child was Eugene Holbrook, address unknown." In said application, the defendant asserted that she would inform the Department of Social

Welfare of any changes in her situation or financial circumstances. The lower court then went on to find that the defendant, together with Eugene Holbrook, rented an apartment in St. Albans. Such apartment was rented under the name of Eugene Benoit.

On or about April 11, 1972, the defendant executed a further "Application for Aid and Services" wherein she asserted that the father of her newborn child "Gene Holbrook" was absent and his address unknown. She also certified that the information was correct and that the giving of false or misleading information or withholding information would subject her to prosecution for fraud.

About April 10, 1972, the defendant rented another apartment in St. Albans, after leaving her first address, and represented herself to be "Mrs. Gene Holbrook", and rented this apartment in that name. There was testimony, and the lower court so found, that Eugene Holbrook lived with the defendant at both of such apartments "morning, noon and night", and that mail was regularly delivered to Eugene Holbrook at each of said apartments rented by the defendant.

The concluding finding was that the defendant fraudulently received monetary benefits from the Department of Social Welfare as the result of fraudulent statements or information withheld. The lower court specifically rejected the evidence offered by the defendant that Holbrook was only a casual visitor to each of the apartments that was occupied by the defendant. The lower court also found that the defendant at all times knew of the whereabouts of Eugene Holbrook but failed to notify the Department of Social Welfare of such fact, as she was required to do.

At the close of the State's case, the defendant made a motion for a directed verdict which was denied, and to the denial of which she has briefed her exception. A verdict is the unanimous decision made by a jury on a question of fact. A hearing by court does not involve a jury, and the court does not render a verdict, but a judgment, based upon its findings of fact. In a trial by court there is no jury to direct. *Ashapa* v. *Reed,* 280 Mass. 514, 182 N.E. 859 (1932).

Findings of fact were requested from the court below and were required to be made by the court.

No error is found in the lower court's denial of the motion.

Moreover, the motion made by the defendant below, and her brief here, discloses the defendant is mistaken on the nature of the charge against her.

The defendant asserts she could not be found guilty under the findings of the court below because there is no finding that the father of her child was not living with her. The finding of the lower court was that the defendant had made such false statements.

■ The only reference to the employment of Eugene Holbrook was made by the State's Attorney in his opening statement. Such statement may well have been inadvertent, but the complaint upon which the defendant was tried did not make the employment of Holbrook an essential element of the case, nor was any evidence offered by the State on this matter. The only question presented to the lower court for determination was whether or not the defendant had wilfully made a false statement to obtain assistance or benefits to which she was not lawfully entitled. 33 V.S.A. § 2581(1). No error is found.

Defendant has briefed her exception to the sentence of the court which she alleges ordered her to make restitution in the amount of $2,943.00 as being in excess of the maximum penalty provided by law. Both the defendant and the State have submitted extensive briefs on the issue raised.

The record before us discloses that the sentence of the court also was that the defendant be imprisoned for sixty days. However, she was placed on probation "with an order of restitution."

■ The authority of a court to place a person sentenced on probation is found in 28 V.S.A. § 205. The conditions of probation are set forth in 28 V.S.A. § 252. One of such conditions which the court may impose in its discretion is set forth in (5) of such section:

> Make restitution or reparation to the victim of his conduct for the damage or injury which was sustained. When restitution or reparation is a condition of the sentence, the court shall fix the amount thereof, which

shall not exceed an amount the defendant can or will be able to pay, and shall fix the manner of performance.

There seems to be no dispute but that the defendant wrongly received $2,943.00 from the Department of Social Welfare by reason of her failure to notify the Department of Social Welfare of the whereabouts of Eugene Holbrook, as she was required to do under the law. The presumption is, for lack of any evidence to the contrary, that it is this sum which defendant must repay to the Department under the order of restitution by the lower court.

Lacking, however, in the record, is any finding that this is an amount that the defendant can or will be able to pay, nor is the manner of the performance of such restitution set forth in the sentence.

Such questions present factual matters for determination. It was necessary for the trial court to determine whether or not the defendant can or will be able to pay the amount of restitution ordered. Such decision can only be made upon the presentation of evidence before the court. It also seems self evident that the manner of performance is also dependent upon evidence presented to the sentencing court. Such manner of performance might be an order to pay the total sum of the restitution ordered, forthwith. On the other hand, depending on the facts of the case, such order might allow a defendant to pay the restitution in certain specific payments, over a period of time, or possibly, that such payment should be made at some time in the future. The trial court, being the trier of facts, must hear the evidence and make findings of fact upon both of these statutory requirements. Without such findings of fact, this Court is unable to determine whether an order providing for restitution as part of a sentence below meets the standards of the statute.

*Judgment of conviction affirmed. The sentence imposed below is reversed and remanded with directions to the lower court to impose sentence upon the defendant in conformance with the statute and the views expressed in this opinion.*