### State of Vermont v. John Hutchins

[365 A.2d 507]

No. 255-75

Present: Barney, C.J., Smith, Daley, Larrow, and Billings, JJ.

Opinion Filed September 17, 1976

*Gregory McNaughton,* Washington County State's Attorney, and *Brian J. Grearson,* Deputy State's Attorney, Montpelier, for Plaintiff.

*Robert Edward West,* Defender General, and *Robert M. Paolini,* Deputy Defender General, Montpelier, for Defendant.

**Billings, J.** Defendant was arrested on January 7, 1974, for the sale of a regulated drug, marijuana, in violation of 18 V.S.A. § 4224. Bail was set in the amount of $500.00, and defendant's father posted cash. On September 17, 1974, defendant failed to appear for a jury drawing. As a result a bench warrant was issued on October 2, 1974, and bail was forfeited. On July 7, 1975, defendant voluntarily returned to court, and the court issued no further order concerning bail but ordered that defendant could be released on the condition that he not leave Barre City or Barre Town without the court's consent, and further that he report on each Monday and Friday to the probation department. On July 31, 1975, defendant pleaded guilty to an amended charge. On August 7, 1975, defendant filed a motion for return of bail, 13 V.S.A. § 7570; he now appeals the denial of this motion.

13 V.S.A. § 7570 gives a trial court the discretion to remit a forfeiture of bail in whole or in part "as the circumstances of the case require".

The purpose of bail is to assure defendant's appearance in court as ordered. *State* v. *Pray,* 133 Vt. 537, 346 A.2d 227 (1975). Defendant readily admits that for a period of approximately nine months he violated the original conditions of release. However, defendant now claims that the forfeiture was negated by his return when the trial court released him on the same bail, plus additional conditions. The burden of establishing a justification for the remission of forfeiture of bail rests with defendant. *United States* v. *Libichian,* 113 F.2d 368 (7th Cir. 1940); *Application of Shetsky,* 239 Minn. 463, 60 N.W.2d 40 (1953). Defendant's claim on the evidence here is not supported by the record because upon defendant's reappearance no new or additional bail was ordered, although new conditions of release were imposed, the original bail having previously been forfeited. Defendant does

not advance any other basis for remission of forfeiture of bail in the case at bar, and hence fails to sustain his burden of justification.

██ Even assuming that defendant sustained his burden of producing evidence and advanced some credible basis justifying a remission of forfeiture of bail, any decision under 13 V.S.A. § 7570 is wholly discretionary with the trial court. Such rulings are not subject to review by this Court unless it clearly and affirmatively appears that such discretion has been abused or withheld. *State* v. *Blair*, 118 Vt. 81, 92, 99 A.2d 677 (1953). The test for abuse of discretion is failure to exercise discretion or its exercise on grounds or reasons clearly untenable or to an extent clearly unreasonable. *Segalla* v. *Segalla*, 129 Vt. 517, 283 A.2d 237 (1971); *Richardson* v. *Persons*, 116 Vt. 413, 416, 77 A.2d 842 (1951).

Defendant having failed in his burden of justification and no abuse of discretion appearing, the bail forfeiture as ordered by the trial court must stand.

*Affirmed.*