**Ruby MAXWELL, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 3–1082A273.**

Court of Appeals of Indiana, Third District.

Nov. 17, 1983.

Richard J. Thonert, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Ruby Maxwell (Maxwell) was convicted of violating IC 1983, 35–43–5–3(a) (Burns Code Supp.) which provides:

"35–43–5–3 Deception

"Sec. 3(a) A person who:

\*    \*    \*    \*    \*    \*

(3) knowingly or intentionally fails to report a material change in his family or financial condition or ability to pay after having properly obtained any public relief or assistance;

commits deception, a Class A misdemeanor."

She was sentenced to one year in prison. Her sentence was suspended and the court granted probation on the condition that she make restitution to the Department of Public Welfare (DPW). Maxwell contends on appeal that:

(1) The evidence is insufficient to sustain her conviction;

(2) The court erred when it denied her Motion for Directed Verdict;

(3) The court committed reversible error in admitting State's exhibits allegedly without proper foundation;

(4) The restitution hearing amounted to a second trial in violation of her right against double jeopardy;

(5) The court committed reversible error at the restitution hearing in admitting a repayment agreement allegedly made between Maxwell and the DPW; and,

(6) The court committed reversible error by conditioning probation upon restitution without a showing that it considered Maxwell's ability to pay and by failing to fix the manner of performance of the restitution.[1]

Conviction affirmed. Remanded with instructions to fix the manner of performance of the restitution.

I.

Sufficiency

■ Maxwell contends that the evidence is insufficient to prove she committed welfare fraud. We will neither weigh the evidence nor judge the credibility of witnesses. We will consider the evidence most favorable to the State and all the reasonable inferences which may be drawn from that evidence. If there is substantial evidence of probative value on each element of the crime, we will not disturb the judgment. *Smith v. State* (1982), Ind., 429 N.E.2d 956, 957.

■ The evidence most favorable to the State is that Maxwell received monthly welfare benefits between January 1979 and April 1981. She provided the DPW with a rent receipt indicating that she paid rent of one hundred fifty dollars ($150.00) monthly. Her monthly welfare benefits were computed accordingly to compensate her for that reported rental expense. Maxwell also reported this rent expense on DPW eligibility reports which were introduced at trial. These documents contained Maxwell's signed acknowledgment that she was required to give a truthful account of her expenses and to notify the DPW of any material change in her income. A State's witness from the Housing Authority testi-

1. *See* IC 1983, 35–7–2–1(a)(5) (Burns Code Supp.).

fied that Maxwell had been receiving monthly rental subsidies since February 1979. Maxwell had not reported the subsidies to the DPW. A witness from the DPW testified that because she was subsidized, Maxwell had received overpayments from the DPW amounting to as much as fifty seven dollars ($57.00) monthly. Maxwell's caseworker testified that Maxwell finally admitted the deceit to her.

The State produced probative evidence on each element of the crime. *Id.* We find this evidence sufficient to prove beyond a reasonable doubt that Maxwell knowingly failed to report to the DPW that her income had materially changed.

## II.

### Directed Verdict

Because we find the evidence sufficient to sustain the conviction, we necessarily find no error in the court's denial of Maxwell's Motion for Directed Verdict. The trial court heard evidence on each element of the crime and properly denied the motion. *Page v. State* (1980), Ind., 410 N.E.2d 1304, 1306–07.

## III.

### Exhibits

Maxwell next contends that the court committed reversible error in admitting State's exhibits which she claims lacked a proper foundation for admission. Where the relevance of an item is challenged as lacking proper foundation, the trial court is vested with broad discretion. *Rife v. State* (1981), Ind.App., 424 N.E.2d 188, 191.

The first item objected to was identified by Maxwell's caseworker as a cancelled DPW check made payable to the order of Maxwell and endorsed on the back. It was relevant to show that Maxwell was receiving welfare benefits at the time she was charged with the offense.

Next, Maxwell objected to the admission of two benefit eligibility questionnaires each addressed to Maxwell, each bearing her signature, and each stamped as received back by the DPW. They too were of probative value. Maxwell indicated on these forms that no change had occurred in her financial condition and that she swore under penalty of perjury that the information was true.

Finally, Maxwell objected to the admission of a sworn affidavit by an employee of the Housing Authority. The affiant stated that Maxwell received rental subsidies of between approximately one hundred fifty ($150.00) and two hundred dollars ($200.00) monthly beginning in February 1979. This document helped prove that a material change in Maxwell's income had occurred.

Each of these exhibits was of some probative value on an element of the case. *Id.* Maxwell has shown no abuse of discretion.

## IV.

### Double Jeopardy

When the court sentenced Maxwell and imposed restitution as a condition of her probation, it set a date for a restitution hearing at which time it heard specific evidence on the amount overpaid to Maxwell. Maxwell contends that this hearing was in fact a second trial and therefore violative of her constitutional right not to be put in jeopardy twice for the same offense. U.S. Const. amend. V; Ind. Const. art. 1, § 14.

Maxwell's argument seems to be based on the erroneous contention that only one month of overpayment was proven at trial and that, therefore, the evidence on restitution was limited to that one month. Maxwell's argument fails because the State did produce evidence at trial of all twenty seven months of overpayments.

It is not surprising that Maxwell could cite to no authority in support of her double jeopardy argument. It is waived. Ind. Rules of Procedure, Appellate Rule 8.3(A)(7).

## V.

### Repayment Agreement

On the day of her trial and after Maxwell was convicted, she signed a repay-

ment agreement acknowledging the overpayments and agreeing to pay the DPW twelve hundred thirty four dollars ($1234.00) at thirty five dollars ($35.00) per month. She was not with her attorney when she signed the agreement and, perhaps on his advice, she apparently later reneged.[2]

At the restitution hearing which the court indicated was necessary because it said the parties could not agree on restitution, the repayment agreement was admitted. Maxwell contends that because she was not informed of her "Miranda" rights prior to signing the agreement, its admission was error.

Maxwell's argument is meritless. First, she was neither in custody nor under interrogation when she signed the agreement. *See Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694; *Hill v. State* (1978), 267 Ind. 480, 371 N.E.2d 1303, 1306. Second, the statement was not a confession subject to the *Miranda* ruling because it did not embrace all the elements of the crime. *Green v. State* (1973), 159 Ind.App. 68, 304 N.E.2d 845, 848. The document was a properly admitted party admission. *Jethroe v. State* (1974), 262 Ind. 505, 319 N.E.2d 133.

## VI.

### Restitution

The court ordered restitution as a condition of probation and set the hearing date in case the parties could not agree on an amount of restitution. At the restitution hearing the court heard evidence on the overpayments and ordered the amount due of twelve hundred thirty four dollars ($1234.00). The court was silent as to the manner of payment.

Maxwell contends that the court abused its discretion in failing to follow IC 1983, 35–7–2–1(a)(5) (Burns Code Supp.) which provides:

"Chapter 2. Conditions of Probation.

"35–7–2–1 Revocation or modification; fines and costs; payment

"Sec. 1. (a) as conditions of probation, the court may require that the person:

\* \* \* \* \* \*

"(5) make restitution or reparation to the victim of his crime for the damage or injury that was sustained (*When a restitution or reparation is a condition of the sentence, the court shall fix the amount thereof, which may not exceed an amount the person can or will be able to pay, and shall fix the manner of performance.*)" (emphasis added.)

The State's argument is that probation is purely a matter of the grace of the trial court. It offers Maxwell the Hobson's choice of accepting whatever conditions are imposed on probation or spending her year in prison.

While it is true that probation and its conditions are discretionary with the trial court, *Farmer v. State* (1971), 257 Ind. 511, 275 N.E.2d 783, the court is nonetheless bound in its exercise of that discretion by the statutory guidelines. *Hoffa v. State* (1977), Ind.App., 358 N.E.2d 753, rev'd on other grounds, 267 Ind. 133, 368 N.E.2d 250. Although no Indiana cases have discussed the effect to be given the language of IC 35–7–2–1(a)(5), other jurisdictions with identical statutes have done as we are inclined and have required the sentencing court to follow the language of the statute. *State v. Benoit* (1973), 131 Vt. 631, 313 A.2d 387; *State v. Pope* (1982), 107 Wis.2d 726, 321 N.W.2d 359.

In *State v. Benoit* the defendant was convicted of welfare fraud. The Vermont Supreme Court ordered restitution of nearly three thousand dollars ($3000.00). The record did not contain any finding by the court that Benoit could pay that amount, nor did the court order the manner of performance. The court remanded and wrote:

"Such questions present factual matters for determination. It was necessary for the trial court to determine whether or not the defendant can or will be able

2. The trial court's error in originally leaving agreement on restitution to the parties and in

failing to fix the manner of payment is discussed in Section VI.

to pay the amount of restitution ordered. Such decision can only be made upon the presentation of evidence before the court. It also seems self-evident that the manner of performance is also dependent upon evidence presented to the sentencing court. Such manner of performance might be an order to pay the total sum of the restitution ordered, forthwith. On the other hand, depending on the facts of the case, such order might allow a defendant to pay the restitution in certain specific payments, over a period of time, or possibly, that such payment should be made at some time in the future. The trial court, being the trier of facts, must hear the evidence and make findings of fact upon both of these statutory requirements. Without such findings of fact, this Court is unable to determine whether an order providing for restitution as part of a sentence below meets the standards of the statute."

*State v. Benoit,* 313 A.2d at 389.

In *State v. Pope* the trial court imposed restitution of four thousand dollars ($4000.00) as a condition of probation. The Wisconsin appellate court remanded, finding that the record did not support a finding that Pope could pay that amount. Pope was unemployed, had a dependent, and received three hundred seventy seven dollars ($377.00) in monthly public assistance. However, the Wisconsin court went on to state that even where a record does not indicate an affirmative finding that a defendant can pay a certain amount, if from the record it appears that the amount *could* be a proper discretionary choice, the cause should not be remanded.

Here, although the record does not indicate that the court considered Maxwell's ability to pay, we cannot say the record shows the amount imposed to be an improper choice *so long as Maxwell is not required to pay any significant percentage of the total in any one payment.* Thus, it was in failing to fix the manner of performance that the court abused its discretion.

The purpose of restitution is to make reparation to the victim and to give the defendant an alternative to jail. This purpose is defeated if the restitution is potentially impossible as it is where a person of Maxwell's means is ordered to pay this amount with no payment breakdown.

The cause is remanded with instructions to fix the manner of repayment. Conviction affirmed.

CONOVER, J., (by designation) concurs.

GARRARD, J., concurs in result.