**Dwight E. SMITH, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 79A04–9501–CR–23.

Court of Appeals of Indiana.

Sept. 20, 1995.

Transfer Denied Oct. 31, 1995.

Steven Knecht, Vonderheide & Knecht, Indianapolis, for appellant.

Pamela Carter, Attorney General of Indiana, Mary Dreyer, Deputy Attorney General, Indianapolis, for appellee.

**OPINION**

DARDEN, Judge.

*STATEMENT OF THE CASE*

Dwight E. Smith appeals from the trial court's order requiring him to pay restitution as a condition of probation.

We affirm.

*ISSUE*

Whether the trial court erred in ordering Smith to make monthly restitution payments in the amount of $245.49.

## FACTS

On September 8, 1988, Smith pleaded guilty to one count of operating a vehicle with a blood alcohol content of .10 percent or more resulting in death, a class C felony, and to being an habitual substance offender. On November 1, 1988, Smith was sentenced to a total prison term of fourteen years, with three years suspended, and three years of probation. As a condition of probation, the court ordered Smith to pay restitution to the victim's widow.

On August 11, 1994, the State filed a motion for clarification of the trial court's restitution order. After the October 19, 1994, hearing on the motion, the trial court determined that Smith owed restitution in the amount of $8,332.86. It further found that Smith's monthly income after deductions was $981.99, that he expended $1,103.05 per month supporting his wife and two children, and that he had debt of $2,448.13. The trial court also found Smith's wife was capable of contributing $172.00 per month to the family living expenses after deducting daycare fees.

The trial court then ordered Smith's paycheck to be garnished in the amount of $245.49 per month through November 1996.

## DECISION

Ind.Code 35–38–2–2.3 provides in pertinent part:

(a) As a condition of probation, the court may require a person to do a combination of the following:

\*　　\*　　\*　　\*　　\*　　\*

(5) Make restitution or reparation to the victim of the crime for damage or injury that was sustained by the victim. When restitution or reparation is a condition of probation, the court shall fix the amount, which may not exceed an amount the person can or will be able to pay, and shall fix the manner of performance.

Smith argues the trial court erred in ordering him to pay $245.49 per month because, he claims, the evidence of his income and expenses, as noted above, indicates that amount is more than he is capable of paying. We disagree.

Although the trial court must determine the defendant's ability to pay the amount of restitution ordered, *Polen v. State* (1991), Ind.App., 578 N.E.2d 755, 758, *trans. denied*, the statute is not specific as to the form the court must follow in determining the defendant's financial status. *Mitchell v. State* (1990), Ind.App., 559 N.E.2d 313, 315, *trans. denied.* Thus, an order of restitution is a matter within the trial court's discretion and we will reverse only when an abuse of discretion occurs. *Vanness v. State* (1992), Ind.App., 605 N.E.2d 777, 783, *trans. denied.* As we noted in *Mitchell:*

[i]mposition of restitution is a form of punishment and although it may cause some hardship, the trial court has discretion to determine the extent of the hardship and whether the defendant can still subsist after the payments.

*Mitchell, supra* at 315.

The trial court here properly held a hearing to determine the amount Smith could or would be able to pay, *See Sales v. State* (1984), Ind.App., 464 N.E.2d 1336, 1340, at which Smith testified he worked as a machinist and was taking a programming course at Ivy Tech. Additionally, Smith testified concerning his wife's work history and her plans to obtain employment. Smith also submitted documentation detailing his salary and monthly expenses. The State presented evidence that Smith owed restitution in the amount of $10,482.15.

At the conclusion of the hearing, the trial court stated that in order "to have the full amount [$10,482.15] paid by the end of [Smith's] probation," (R. 89), he would have to pay $403.15 per month for the remaining twenty-six months of his probation period. Smith's counsel objected, stating "[a]nd our position on it, Judge, is that that would be an inappropriate amount because it's beyond his ability to pay." (R. 89). To which the trial court responded: "[s]o there must be an answer. It's somewhere between zero dollars and $403.15. Maybe there is. Maybe there isn't." (R. 89).

Eight days later, the trial court issued its order fixing the amount of restitution at $8,332.86 and directing Smith to make monthly payments of $245.49. Clearly, the

trial court considered Smith's ability to pay in formulating its order of restitution. Therefore, we must decline Smith's invitation to invade the purview of the trial court's discretion. *See Maxwell v. State* (1983), Ind. App., 455 N.E.2d 1171, 1176 (the trial court did not abuse its discretion in ordering restitution so long as defendant was not required to pay any significant percentage of the total in any one payment).

Affirmed.

RILEY, J., concurs in result.

BAKER, J., concurs.