## STATE of Vermont v. Tammie GUINARD

[726 A.2d 88]

No. 98-153

February 11, 1999. Defendant Tammie Guinard appeals the district court's revocation of her deferred sentence and imposition of a fully suspended sentence of zero-to-one year for failure to pay restitution for a welfare fraud conviction. Defendant claims that (1) her probation officer exceeded his authority by requiring her to pay restitution in the amount of fifty dollars per month when the court's order fixing the total amount of restitution did not specify any manner of performance, and (2) the court violated defendant's rights to due process of law and equal protection by revoking her deferred sentence for failure to pay restitution, without evidence or findings that she had the ability to pay. We reverse and remand on the first issue and do not need to reach the second issue.

Defendant pleaded guilty to a charge of welfare fraud in violation of 33 V.S.A. § 141, and was placed on a deferred sentence for five years, from October 5, 1993 until October 5, 1998. The only con-

dition placed on defendant by the district court was that she pay restitution to the Department of Social Welfare in the amount of $3,764.00.

Defendant thereafter entered into a restitution payment contract with her probation officer. The signed agreement stated that defendant would make payments of at least fifty dollars each month until the entire amount of court-ordered restitution was paid. Moreover, the agreement contained language which acknowledged that if defendant missed the agreed-to payment schedule, she would be in violation of her probation. Subsequently, defendant signed similar agreements over the ensuing three and one-half years, the most recent being in December 1996. During the entire time, defendant continued receiving benefits through an aid-to-needy-families-with-children grant from which periodic recoupments were deducted by the Department of Social Welfare to pay towards defendant's restitution.

After about one-half of the restitution had been paid, defendant's probation officer filed a probation violation complaint alleging that defendant had violated a condition of probation by failing to pay restitution to the Department of Social Welfare. The affidavit portion of the violation of probation complaint indicated that defendant's last payment of fifty dollars was made four months earlier.

The court found defendant in violation of her probation by failing to make all of the fifty dollar monthly payments, determining that the agreements signed by defendant with the probation department were binding on the parties. Further, the court determined that defendant's condition of probation, to pay $3,764.00 in restitution over the five year period, was not modified by the agreements, because no new condition was added. Finally, the court concluded that even if the probation agreements modified the condition of probation, the agreements were enforceable

because defendant had consented to them. The court sentenced defendant to a fully suspended term of one year, with the condition that she pay restitution of twenty dollars per month until her remaining debt was paid, with the option of paying off some of the amount through community service.

Under 28 V.S.A. § 252(b)(6), restitution may be made a condition of a criminal defendant's probation. The statute requires, however, that in making restitution a condition of the sentence, the court "shall fix the amount thereof, which shall not exceed an amount the defendant can or will be able to pay, and shall fix *the manner of performance.*" *Id.* (emphasis added). In *State v. Benoit*, we determined that, under 28 V.S.A. § 252(b)(6), the court must determine at sentencing the amount that defendant can or will be able to pay and the manner of performance. See *State v. Benoit*, 131 Vt. 631, 635, 313 A.2d 387, 389 (1973).

The record before us discloses that restitution was ordered in the amount of $3,764.00. No manner of performance is apparent from the court order. The statute is clear and unambiguous that the manner of performance is to be set by the court. Even though defendant signed an agreement for the manner of payment with her probation officer, the statute does not provide that "the manner of performance" is a duty the court may delegate to the probation department. See *id.* (decision on manner of performance for restitution must be made by court upon evidence presented at sentencing); 28 V.S.A. § 252(b)(6) (if restitution is a condition of sentence, manner of performance shall be fixed by court).

This is not to say that the court may not delegate in the first instance the task of determining the amount of installments to defendant's probation officer as changing circumstances indicate. Any disagreement over ability to pay, however, must be decided by the court. In this case, nothing

was delegated to the probation officer to determine. The order simply ordered restitution within a time frame and said nothing about installments. We reverse the finding of a violation of probation and remand for a modification of the court's probation conditions to fit the present circumstances.

*Reversed and remanded.*