**STATE of Vermont v. Jason POWERS**

[789 A.2d 962]

No. 01-094

■

December 26, 2001. The Department of Corrections appeals the judgment of the district court denying its motion to amend the court's probation order with respect to defendant, Jason Powers. The Department contends that the trial court erroneously concluded that, notwithstanding 28 V.S.A. § 102(b)(12) (granting the Commissioner of Corrections the power to contract with private collection agencies for the collections of fines, penalties and restitution imposed under Title 13), it may order defendant in this case to pay a fine imposed as a condition of probation directly to his probation officer in cash. The Department argues that the court's conclusion is at odds with the doctrine of separation of powers. We affirm.

Defendant was convicted in January 1998 of driving with a suspended license in violation of 23 V.S.A. § 674. He was sentenced to zero-to-two years, with all but two days suspended, and placed on probation. As part of his conditions of probation, defendant was required to pay a fine of $1500. In November 2000, the State charged him with violating this condition of probation. A hearing was scheduled for December 8, 2000. The day of the hearing, the State and defendant reached an agreement to dismiss the violation-of-probation complaint and reduce defendant's fine to five hundred dollars. The trial court entered a modified probation order reducing the fine to five hundred dollars and providing specifically that defendant was to pay this amount directly to his probation officer in cash in monthly installments of no less than fifty dollars.

On December 18, 2000, the Department of Corrections filed a motion to amend the order, seeking to strike the portion specifying that defendant's payments be made directly to his probation officer in cash and to replace it with a provision ordering payment "to the collection agency to which [d]efendant is directed by his probation officer." The Department argued that this was required to conform with the provisions of 28 V.S.A. § 102(b)(12), as well as Policy 208 and Directive 208.1 promulgated by the Department under § 102(b)(12). The trial court denied the motion. The Department now appeals to this Court.

The Department argues that the trial court's refusal to amend the order violates the separation of powers doctrine "by intruding upon the province of the legislative and executive branches." We need not reach such weighty constitutional issues to decide this case, for we discern no conflict between § 102(b)(12) and a trial court's traditional responsibility to impose individual conditions of

probation for the purpose of supervision of offenders released on probation. See 28 V.S.A. § 205(a) (allowing trial court to suspend all or part of a sentence and place defendant on probation with conditions); *id.* § 252(a) ("The conditions of probation shall be such as the court in its discretion deems reasonably necessary to ensure that the offender will lead a law-abiding life or *to assist him to do so.*") (emphasis added); *State v. Moses,* 159 Vt. 294, 301, 618 A.2d 478, 482 (1992) ("the Legislature placed the power to impose probation conditions on the court"); *State v. Bubar,* 146 Vt. 398, 405, 505 A.2d 1197, 1202 (1985) (noting that trial courts have great discretion in setting conditions of probation).

At the time the Department made its motion, § 102(b)(12) provided:

> (b) The commissioner [of the Department of Corrections] is charged with the following powers:
>
> . . . .
>
> (12) To enter into contracts with private collection agencies for the collection of supervisory fees imposed by this title and fines, penalties and restitution imposed under Title 13. The commissioner may agree to pay collection agencies a fixed rate for services rendered or a percentage of the amount collected which shall not be deducted from any amounts but may be recovered as an administrative cost of collection.

28 V.S.A. § 102(b)(12) (2000) (amended 2001). The provision has since been amended, but the amendments are not relevant to the issue raised by this appeal.

The power granted by the above provision is one of many included in subsection (b), which also include the power to accept money from the federal government, the power to appoint officers of the Department and the power to purchase, rent or lease property to carry out the functions of the Department. See, e.g., 28 V.S.A. § 102(b)(4), (8), (11). The Legislature's grant of power to contract with collection agencies for the collection of court-ordered fines does not prevent a trial court from ordering a different means of collection when individual circumstances merit it in the probation context. In other words, we do not read § 102(b)(12) as abrogating the power and responsibility of the courts to specify conditions of probation individually suited to ensuring offenders become law-abiding citizens, including specifying the amount and manner of payment of fines when appropriate. See *State v. Guinard,* 169 Vt. 555, 556, 726 A.2d 88, 90 (1999) (mem.) (manner of performance of payment of restitution as a condition of probation is to be set by court); see also *State v. Nelson,* 170 Vt. 125, 128, 742 A.2d 1248, 1250 (1999) (noting that sentencing, including the imposition of conditions of probation, is an inherently judicial function). Nor does it preclude the Department and the Commissioner from carrying out their responsibility "[t]o administer the supervision of persons placed on probation," 28 V.S.A. § 101(3), and "maintain general supervision of persons placed on probation . . . consistent with any orders of the court," 28 V.S.A. § 202(1), even when those court orders specify a means of payment of a fine that would prevent it from being contracted out to a collection agency. Cf. *Nelson,* 170 Vt. at 127, 742 A.2d at 1249-50 (failing to discern an intent to constrain trial court's traditional authority to impose reasonable conditions of probation in statute granting power to Commissioner of Motor Vehicles to determine periods of suspension and revocation of licenses for certain violations of the law involving DUI).

We discern nothing in the above provision to allow the Department to refuse to administer the terms of a court-

imposed condition of probation in an individual case simply because it cannot contract that duty out to a private entity because of the nature of the condition. To the extent that Policy 208 and Directive 208.1 could be interpreted to require Department employees to refuse to accept payment of a fine pursuant to a court-ordered condition of probation providing for payment directly to a probation officer, we agree with the defendant that such an interpretation goes beyond the scope of what the Legislature authorized via § 102(b)(12). As defendant noted, "[a]n administrative agency's rule-making authority cannot support an expansive interpretation of its own powers." *In re Vt. Gas Sys.*, 150 Vt. 34, 39, 549 A.2d 627, 630 (1988). In conclusion, we do not read § 102(b)(12) to compel the trial court in this case to amend its order as requested by the Department and see no impediment to the Department's administration of it.

Because we affirm the amended probation order providing that defendant's payments shall be in cash to his probation officer, we do not address the portion of the trial court's order discussing whether fees generally associated with payment to a collection agency impermissibly increase a defendant's sentence beyond that originally ordered by the sentencing court. The facts and posture of this case do not present such an issue. See *Chittenden S. Educ. Ass'n v. Hinesburg Sch. Dist.*, 147 Vt. 286, 294, 514 A.2d 1065, 1071 (1986) (declining to reach legal issue, although significant, that would not afford party any additional relief, as doing so would be in the nature of an advisory opinion not constitutionally permitted); see also *Baker v. Town of Goshen*, 169 Vt. 145, 152, 730 A.2d 592, 596 (1999) (noting that an appellate question must be necessary to the disposition on appeal, otherwise this Court is without power to entertain it).

*Affirmed.*