**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JOHN ANDREW GOODRIDGE**
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GARY R. ROM**
Deputy Attorney General
Indianapolis, Indiana



FILED
Apr 30 2012, 9:24 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JASPER A. WISDOM, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 82A01-1108-CR-380 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE VANDERBURGH CIRCUIT COURT
The Honorable Kelli E. Fink, Magistrate
Cause No. 82C01-1105-FD-627

April 30, 2012

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Jasper Wisdom appeals the order requiring him to pay $1,650.00 in restitution. We affirm in part and remand.

## FACTS AND PROCEDURAL HISTORY

On July 26, 2011, the trial court found Wisdom guilty of Class A misdemeanor criminal mischief[1] based on an incident during which he jumped on the top of Amanda Littrell's car. The trial court sentenced Wisdom to one year, with 130 days executed and the remainder suspended to probation. As a term of his probation, the trial court ordered Wisdom to pay $1,650.00 to Littrell for the damage to her car.

## DISCUSSION AND DECISION

A trial court may order "restitution or reparation to the victim of the crime for damage or injury that was sustained by the victim." Ind. Code § 35-38-2-2.3(a)(5). An order of restitution is within the trial court's discretion, and we will reverse its decision only for an abuse of that discretion. *Bockler v. State*, 908 N.E.2d 342, 348 (Ind. Ct. App. 2009). An abuse of discretion occurs when the trial court misinterprets or misapplies the law. *Id*.

1.    Restitution Amount

Pursuant to Ind. Code § 35-50-5-3(a)(1), a court "shall base its restitution order upon a consideration of: (1) property damages of a victim incurred as a result of the crime, based on the actual cost of repair (or replacement if repair is inappropriate)[.]" Evidence supporting a restitution order is sufficient if it "affords a reasonable basis for estimating loss and does not

---

[1] Ind. Code § 35-43-1-2(a)(2)(A).

2

subject the trier of fact to mere speculation or conjecture." *T.C. v. State*, 839 N.E.2d 1222, 1227 (Ind. Ct. App. 2005), *reh'g denied*.

The trial court ordered Wisdom to pay $1,650.00 for the damage to Littrell's vehicle. During Wisdom's trial, the State presented a $2,993.29 estimate for the repair of Littrell's vehicle. At Wisdom's sentencing hearing, the State also presented a print out of the Kelley Blue Book value of the vehicle in the amount of $1,650.00. The court reasoned the amount ordered was appropriate because it put Littrell "in the position she was in before [Wisdom] committed the crime." (Sentencing Tr. at 21.) As the State presented two separate pieces of evidence from which the trial court could determine the amount of restitution due, considered the fact the cost of repair was more than the vehicle was worth, and the trial court made a decision based on the damage incurred by Littrell, we cannot say it abused its discretion. *See* Ind. Code § 35-50-5-3(a)(1) (a court "shall base its restitution order upon a consideration of: (1) property damages of a victim incurred as a result of the crime, based on the actual cost of repair (or replacement if repair is inappropriate)").

2.      Ability to Pay

If restitution is ordered as a condition of probation, "the court shall fix the amount, which may not exceed an amount the person can or will be able to pay." Ind. Code § 35-38-2-2.3(a)(5). The statute requires the trial court to make an inquiry into the probationer's ability to pay, but does not specify how the court is to do so. *Smith v. State*, 655 N.E.2d 133, 134 (Ind. Ct. App. 1995), *trans. denied*. The trial court should consider factors such as the

probationer's current financial status, health, and employment history. *Champlain v. State*, 717 N.E.2d 567, 570 (Ind. 1999).

The trial court did not inquire into Wisdom's ability to pay restitution. The State concedes this was error, and it requests we remand this issue to the trial court. Accordingly, we hold the trial court abused its discretion when it ordered Wisdom to pay restitution without inquiring into his ability to pay. We remand for determination of Wisdom's ability to pay restitution and consideration of that factor in ordering restitution.

## CONCLUSION

While the trial court's initial determination of the amount of restitution was supported by the evidence in the record regarding Littrell's damages, we remand for inquiry into Wisdom's ability to pay and, if appropriate, for adjustment of the restitution amount based on that factor.

Affirmed in part and remanded.

CRONE, J., and BROWN, J., concur.

4