**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| HENRY WOODS, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 49A02-1308-CR-701 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Deborah J. Shook, Commissioner
Cause No. 49F07-1210-CM-75006

**March 18, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

## CASE SUMMARY

On October 24, 2012, Appellant-Defendant Henry Woods was involved in a traffic accident with Bianca Cunningham. As a result of the traffic accident, Cunningham suffered injuries to her person and her vehicle was totaled. Upon testing, it was determined that at the time of the accident, Woods was operating his vehicle while under the influence of alcohol.

On or about November 5, 2012, the Appellee-Plaintiff the State of Indiana charged Woods with three misdemeanor offenses for operating a vehicle while intoxicated ("OWI"). Woods subsequently pled guilty to one count of Class A misdemeanor OWI. Pursuant to the terms of the plea agreement, Woods agreed to pay restitution to Cunningham. In exchange for Woods's plea, the State agreed to dismiss all of the remaining charges.

On appeal, Woods challenges the trial court's order that he pay $1600 in restitution to Cunningham for the damage to her vehicle. In raising this challenge, Woods argues that the evidence is insufficient to sustain the restitution award, and that the trial court failed to inquire into his ability to pay the amount of restitution ordered. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

The factual basis entered during the March 14, 2013 guilty plea hearing provides as follows:

> [O]n or about October 24, 2012, in Marion County, State of Indiana, at 6500 East 21st Street, the following named defendant, Henry Woods, did operate a vehicle in a manner that endangered a person while intoxicated. More specifically on that date, [O]fficer Earnest Goss with the Indianapolis Metropolitan Police Department … came into contact, contact with the defendant … he … found Henry Woods still sitting in the driver [sic] seat of a vehicle that had been involved in an accident.… [A]t that time the defendant was seen to have glassy eyes … the defendant admitted to having a couple of

2

drinks previous … and confirmed that he had, had a 12 ounce beer.…
[F]urther he had an odor of alcoholic beverage on his breath … he did submit
to a blood test, which did result a test of, of .26 grams of alcohol per 210 liters
of his breath.

Tr. pp. 6-7.

On or about November 5, 2012, the State charged Woods with one count of Class A misdemeanor OWI, one count of Class A misdemeanor operating a vehicle with an alcohol concentration above 0.15, and one count of Class C misdemeanor operating a vehicle with an alcohol concentration between 0.08 and 0.15. On March 14, 2013, Woods entered into a plea agreement with the State. Pursuant to the terms of the plea agreement, Woods pled guilty to one count of Class A misdemeanor OWI. Woods additionally agreed to pay restitution to Cunningham. In exchange for Woods's plea, the State agreed to dismiss all of the remaining charges.

During the guilty plea hearing, the trial court questioned Woods about his ability to pay restitution as provided by the plea agreement. The trial court asked Woods whether he had any income. Woods answered in the affirmative, stating that he received regular Social Security disability payments. In agreeing to pay restitution, Woods acknowledged that he would "have to start budgeting [his] money a little differently." Tr. p. 16. Taking Woods's financial state into account, the trial court ordered that restitution be paid on a "sliding fee scale so that it doesn't break the bank." Tr. p. 15.

On July 17, 2013, the trial court conducted a hearing to determine the amount of restitution owed to Cunningham. The parties stipulated to a restitution award of $2851 with

3

regard to medical bills for treatment for the injuries suffered by Cunningham. With respect to Cunningham's vehicle, Cunningham acknowledged that she did not have any documentation relating to the pre-accident value of her vehicle. However, she testified that she had purchased the vehicle three months prior to the accident for $3200. Cunningham testified that prior to the accident, the condition of the vehicle had not changed substantially since the purchase date. Cunningham further testified that as a result of the accident, her vehicle was totaled and she did not recover any insurance funds relating to the remaining or scrap value of the vehicle. Upon considering Cunningham's testimony, the trial court ordered that Woods pay $1600 in restitution for the damage to Cunningham's vehicle. This appeal follows.

## DISCUSSION AND DECISION

Woods contends that the trial court abused its discretion in ordering that he pay $1600 in restitution to Cunningham for the damage to her vehicle. Specifically, Woods argues that the evidence is insufficient to sustain the restitution award, and that the trial court failed to inquire into his ability to pay the amount of restitution ordered. The State counters, arguing that Cunningham's testimony regarding the value of and damage to her vehicle is sufficient to sustain the restitution order, and that the trial court properly inquired into Woods's ability to pay restitution.

"A trial court has the authority to order a defendant convicted of a crime to make restitution to the victims of the crime." *Wolff v. State*, 914 N.E.2d 299, 303 (Ind. Ct. App. 2009) (citing *Henderson v. State*, 848 N.E.2d 341, 345-46 (Ind. Ct. App. 2006)); *see also* Ind.

4

Code § 35-50-5-3. "The purpose of a restitution order is to impress upon the criminal defendant the magnitude of the loss he has caused and to defray costs to the victims caused by the offense." *Id.* (citing *Henderson*, 848 N.E.2d at 346).

> It is well established that "restitution must reflect actual loss incurred by a victim," and that any "loss proven to be attributable to the defendant's charged crimes" is recoverable as restitution. *Batarseh v. State*, 622 N.E.2d 192, 196 (Ind. Ct. App. 1993) (discussing *Hipskind v. State*, 519 N.E.2d 572, 574 (Ind. Ct. App. 1988)), *trans. denied*.
> The amount of a victim's loss is a factual matter that can be determined only on presentation of evidence. *Rich v. State*, 890 N.E.2d 44, 49 (Ind. Ct. App. 2008). An order of restitution is a matter within the trial court's discretion, and we reverse only on a showing of abuse of that discretion. *Wolff*, 914 N.E.2d at 303. An abuse of discretion occurs when the order is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. Id. Under our abuse of discretion standard, we will affirm the trial court's decision if there is any evidence supporting the decision. *Creager v. State*, 737 N.E.2d 771, 779 (Ind. Ct. App. 2000), *trans. denied*.

*Smith v. State*, 990 N.E.2d 517, 520 (Ind. Ct. App. 2013) *trans. denied*.

## I. Sufficiency of the Evidence to Sustain Restitution Award

Initially, we note that Woods stipulated to the $2851 restitution award relating to Cunningham's medical bills and does not challenge that portion of the trial court's order on appeal. Woods only challenges the sufficiency of the evidence to sustain the $1600 restitution award relating to Cunningham's vehicle on appeal. As such, our review is limited to whether the evidence is sufficient to sustain the $1600 restitution award relating to Cunningham's vehicle.

The record demonstrates that Cunningham testified about the value of and damage to her vehicle during the restitution hearing. Cunningham acknowledged that she did not have

5

any documentation relating to the pre-accident value of her vehicle, but testified that she had purchased the vehicle three months prior to the accident for $3200. Cunningham also testified that prior to the accident, the condition of the vehicle had not changed substantially since the purchase date. Cunningham detailed the damage to her vehicle and testified that, as a result of the damage caused by the accident, her vehicle was totaled. Cunningham further testified that she did not recover any insurance funds relating to the remaining or scrap value of the vehicle. In considering Cunningham's testimony regarding the value of her vehicle, the trial court acknowledged that the value of a vehicle usually depreciates after the purchase of the vehicle and determined that based on Cunningham's testimony, a $1600 restitution award was appropriate.

Woods argues that the evidence is insufficient to sustain the restitution award because the State failed to present documentation supporting Cunningham's testimony about the damage to and value of her vehicle. However, in *Smith*, this court concluded that the victim's testimony regarding the claimed loss was sufficient to demonstrate the degree of loss attributable to the defendant's crime, and that the victim could recover that loss as restitution. 990 N.E.2d at 520. Similarly, in the instant matter, Cunningham's testimony regarding the damage to and value of her vehicle is sufficient to demonstrate the degree of loss attributable to Woods's criminal actions. As such, we conclude that the evidence, *i.e.*, Cunningham's testimony, is sufficient to sustain the trial court's restitution order. Insofar as Woods challenges Cunningham's testimony on appeal, Woods's argument is merely a request for this court to reweigh the evidence, which we will not do. *Id.*

## II. Woods's Ability to Pay

Woods also asserts that the trial court failed to inquire into his ability to pay restitution.

> When restitution is ordered as a condition of probation, "the court shall fix the amount, which may not exceed an amount the person can or will be able to pay." I.C. § 35-38-2-2.3(a)(5). Although the trial court must determine the defendant's ability to pay the amount of restitution ordered, the statute does not specify the extent to which the court must inquire to determine the defendant's financial status. *Smith v. State*, 655 N.E.2d 133, 134 (Ind. Ct. App. 1995), *trans. denied*; *see also Kays v. State*, 963 N.E.2d 507, 509 (Ind. 2012) ("The statute sets forth no particular procedure the trial court must follow in determining the defendant's ability to pay, but we have consistently recognized that some form of inquiry is required."). Thus, we review this issue for an abuse of discretion. *See Smith*, 655 N.E.2d at 134.

*Id*. at 522.

Here, the record reflects that the trial court inquired into Woods's ability to pay restitution. Again, during the guilty plea hearing, the trial court asked Woods whether he had any income. Woods answered in the affirmative, stating that he received regular Social Security disability payments. The Indiana Supreme Court has held that a trial court may take Social Security payments into consideration when considering an individual's ability to pay restitution. *See Kays*, 963 N.E.2d at 510. Further, in agreeing to pay restitution, Woods acknowledged that he would "have to start budgeting [his] money a little differently." Tr. p. 16. Taking Woods's financial state into account, the trial court ordered that restitution be paid on a "sliding fee scale so that it doesn't break the bank." Tr. p. 15.

The record clearly demonstrates that the trial court clearly considered Woods's ability to pay when imposing the restitution order. As such, we conclude that the trial court did not

7

abuse its discretion in this regard.

The judgment of the trial court is affirmed.

MATHIAS, J., and PYLE, J., concur.