VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     22-AP-315



## ENTRY ORDER

DECEMBER TERM,   2022

State of Vermont v. Cecil Whidbee*

}   APPEALED FROM:
}   Superior Court, Chittenden Unit,
}   Criminal Division
}   CASE NO. 22-CR-11064
}   Trial Judge: A. Gregory Rainville

In the above-entitled cause, the Clerk will enter:

Defendant Cecil Whidbee appeals the trial court's order imposing pretrial conditions of release including a requirement that defendant maintain a twenty-four-hour curfew at a Vermont residence and setting monetary bail in the amount of $25,000, cash or surety.  Because the proceedings below do not support the trial court's order, the order is reversed, and the matter remanded.

Defendant is charged with cocaine trafficking in violation of 18 V.S.A. § 4231(c)(1) and prohibited possession of a firearm in violation of 13 V.S.A. § 4017(a).  The affidavit of probable cause alleges the following facts.  The police began investigating defendant and his girlfriend for distribution of cocaine, relying on use of a "cooperating individual," or informant.  Defendant and his girlfriend were arrested outside the girlfriend's apartment in Burlington.  Officers seized the apartment while they obtained a search warrant.  Upon execution of the search warrant for the apartment, officers found cocaine base in small plastic bags on a coffee table and in the ceiling tiles, a firearm, cash, a money counter, a large number of plastic sandwich bags, and digital scales.  Defendant has criminal records in three states, but no Vermont criminal history.

Defendant was arraigned on November 23, 2022.  The State sought conditions of release requiring defendant to come to court when told; provide his attorney or the court clerk with his address and phone number; not buy, have, or use regulated drugs without a prescription; maintain a twenty-four-hour curfew at a court-approved residence; not buy, have, or use a firearm or other dangerous weapon; not have contact with his girlfriend; and not go into the Burlington apartment.  It also requested a condition that defendant be arrested without warrant for violating the conditions prohibiting drug use, possession of a dangerous weapon, and contacting the girlfriend.  Defendant did not oppose the State's proposed conditions and

requested the twenty-four-hour curfew at a court-approved residence be his residence in Brooklyn, New York. The trial court imposed the conditions of release requested by the State and, in addition, set bail at $25,000, cash or surety. As to the curfew, it required a Vermont residence to be approved by the court after a hearing. In doing so, it relied on the charges against defendant and defendant's criminal history, and it referenced having knowledge of additional evidence of defendant's guilt from evidence that was not part of this proceeding but was provided in support of the application for the search warrant for the Burlington apartment.

On appeal, defendant challenges the condition requiring curfew at a Vermont residence and setting bail at $25,000, cash or surety. He argues that (1) the trial court failed to properly consider the § 7554 factors when imposing both conditions and thereby violated defendant's right to pretrial release; (2) the Vermont-residence requirement is tantamount to a hold-without-bail order and was imposed in reliance on information obtained ex parte in violation of defendant's due process rights; and (3) the trial court made no findings to support its setting bail at $25,000, cash or surety bond. He asks this Court to strike the challenged conditions and in the alternative to reverse and remand for a new hearing before a new trial judge. The State agrees that the record does not support the trial court's order and agrees to a remand for a new hearing but takes no position on defendant's request for a new judge.

"We review the trial court's bail decision for abuse of discretion," State v. Pratt, 2017 VT 9, ¶ 20, 204 Vt. 282, and shall affirm an order imposing conditions of release "if it is supported by the proceedings below." 13 V.S.A. § 7556(b).

Under 13 V.S.A. § 7554(a)(1), a defendant "shall be ordered released on personal recognizance or upon the execution of an unsecured appearance bond in an amount specified by the judicial officer unless the judicial officer determines that such a release will not reasonably mitigate the risk of flight from prosecution."[1] The statute therefore creates a rebuttable presumption in favor of pretrial release on personal recognizance or an unsecured appearance bond. Pratt, 2017 VT 9, ¶ 10.

To determine whether a defendant presents a risk of flight, "the judicial officer shall consider, in addition to any other factors, the seriousness of the offense charged and the number of offenses with which the person is charged." 13 V.S.A. § 7554(a)(1). The judicial officer, "on the basis of available information," shall also consider the nature and circumstances of the offense charged, the weight of the evidence, and a defendant's employment, financial resources, character and mental condition, length of residence in the community, and record of appearance at court proceedings. Id. § 7554(b)(1). If the judicial officer concludes that a defendant presents

---

[1] The trial court may also impose conditions of release designed to protect the public if the conditions imposed to mitigate the risk of flight will not reasonably protect the public. 13 V.S.A. § 7554(a)(2). The record contains no indication that any of the conditions in this case were imposed to protect the public, so that portion of § 7554 need not be addressed in this appeal. Even assuming the trial court imposed some of its conditions because of a risk of harm to the public, doing so without any discernable findings or § 7554 analysis would be an abuse of discretion. See State v. Hutchins, 134 Vt. 441, 443 (1976) (explaining that abuse of discretion is found where trial court fails to exercise discretion).

a flight risk, the officer shall impose the "least restrictive" condition or combination of conditions "that will reasonably mitigate the risk of flight." Id. § 7554(a)(1). The statute then "sets forth a list of increasingly more restrictive conditions with the requirement that the court go only so far down the list as necessary to ensure appearance." State v. Duff, 151 Vt. 433, 435 (1989) (citing 13 V.S.A. § 7554(a)(1)(A)-(G)). The trial court may impose cash bail or surety bond as part of its conditions but must specifically consider a defendant's financial means before doing so. State v. Rougeau, 2019 VT 18, ¶ 13, 209 Vt. 535 (explaining that bail statutes require consideration of financial means when imposing cash bail or surety bond (citing 13 V.S.A. § 7554(a)(1)(D)-(E)). Although a defendant is not entitled to money bail in an amount he can afford, money bail should never be used to ensure a defendant's incarceration. Pratt, 2017 VT 9, ¶ 17.

The parties and this Court all agree that the proceedings below do not support the trial court's order setting conditions of release. First, the trial court did not expressly find that defendant posed a risk of flight from prosecution. Even inferring this finding from the court's imposition of cash bail, see State v. Brown, 2005 VT 104, ¶ 10, 179 Vt. 22 (explaining that sole legitimate purpose of monetary conditions of release is to ensure presence of accused), the trial court only verbally considered the current charges against defendant and defendant's criminal history record. The trial court did not explain how defendant's current charges or criminal history indicated he was a flight risk.[2] See Duff, 151 Vt. at 435-36 (explaining that serious charges alone were not enough to support high cash bail amount under § 7554's requirements). The record is also devoid of any discussion of defendant's employment, financial resources, and record of appearance at court proceedings in relation to the flight risk defendant poses. The absence of an explicit finding that defendant posed a risk of flight and the sparse discussion of the § 7554 factors constituted an abuse of discretion at the outset of the trial court's conditions-of-release analysis.

Second, even assuming defendant poses a flight risk, the trial court did not explain why curfew at a Vermont residence and $25,000 cash or surety on top of the conditions the State proposed would be required to mitigate defendant's risk of flight. See 13 V.S.A. § 7554(a)(1) (requiring court to impose least restrictive set of conditions reasonably necessary to mitigate risk of flight). Although the trial court repeatedly referred to defendant's criminal history and the circumstances underlying the present charges, including available evidence against defendant, it did not link these facts to a risk of flight or explain why the conditions were being imposed. As explained above, it also did not consider defendant's employment, financial resources, and record of appearance at court proceedings.

The trial court's findings and discussion here are insufficient to support its determination that defendant was a flight risk, and that the conditions imposed were reasonably necessary to mitigate that risk of flight. See 13 V.S.A. § 7556(b). Because the trial court abused its discretion when conducting its § 7554 analysis, this Court need not reach the remainder of defendant's arguments regarding the constitutionality of specific conditions. See In re M.C.,

---

[2] The trial court also mentioned a Georgia warrant, which this Court cannot find in the record before it. The record is therefore insufficient to support the trial court's finding that a Georgia warrant exists and could provide a basis for the imposition of certain conditions.

2018 VT 139, ¶ 9, 209 Vt. 219 ("[C]ourts should not decide constitutional questions unnecessarily." (quotation omitted)). There is also no need to otherwise analyze the propriety or permissibility of specific conditions.[3] Because the trial court may impose entirely different conditions on remand, reaching arguments that may not arise after remand under the present facts would be advisory. See State v. Powers, 173 Vt. 550, 552 (2001) (mem.) (declining to reach issues not directly presented under facts and posture of case and noting that doing so would be in nature of advisory opinion not constitutionally permitted). This Court accordingly also declines defendant's request to strike the challenged conditions as categorically impermissible.

The trial court's order is reversed and remanded for further proceedings. This Court denies defendant's request to remand the case to a different judge. Any request for a new judge for future proceedings may be sought through disqualification procedures below. See V.R.Cr.P. 50(d) (detailing procedure for motion to disqualify judge). The trial court shall schedule a bail hearing forthwith at which the parties may present additional evidence to aid the trial court in its § 7554 determinations. Relying on evidence in the record, the trial court must weigh the relevant factors under § 7554(a)(1) to determine whether defendant poses a risk of flight from prosecution and make sufficient findings to support such determination. If the trial court determines that defendant does pose a risk of flight, then it must consider the factors under § 7554(a)(1) and (b) and only impose the least restrictive set of conditions reasonably necessary to mitigate that risk of flight. Should the parties come to an agreement as to conditions of release, any such stipulation should be presented to the trial court.

Reversed and remanded; mandate to issue forthwith.

FOR THE COURT:

Harold E. Eaton, Jr., Associate Justice

[3] The State expressed concerns regarding the enforceability of a twenty-four-hour curfew for an out-of-state residence but was also unclear on how such a curfew would be necessary to mitigate the risk of flight. Arguments on these points are properly addressed to the trial court on remand.

4