**Gene MITCHELL, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

**No. 55A04–9005–CR–206.**

Court of Appeals of Indiana,
Fourth District.

Aug. 20, 1990.

Transfer Denied Oct. 30, 1990.

William Van Der Pol, Jr., McNutt, Hurt & Blue, Martinsville, for appellant.

Linley E. Pearson, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

CHEZEM, Judge.

## Case Summary

Defendant/Appellant, Gene Mitchell, appeals his conviction of criminal mischief exceeding twenty-five hundred dollars ($2,500.00), a class D felony. We affirm.

## Issues

I. Whether the evidence was sufficient to sustain Defendant's conviction.

II. Whether the trial court erred when it ordered Defendant to pay restitution as a further condition of probation without first determining his ability to pay.

## Facts

On December 31, 1988, after an argument with his wife, Defendant left his house. He started his one-and-one-half-ton grain truck and backed it through the garage, knocking the garage door onto a car inside. Defendant then proceeded to back the truck into the house two (2) more times, knocking down part of the outer living room wall, damaging the interior walls, and severely damaging part of a bedroom. Defendant then drove away in the truck.

At trial, William J. Serban, an estimator for twenty (20) years, itemized the damage at eleven thousand fifty-three dollars and twenty cents ($11,053.20).

Additional facts will be added as needed.

## Discussion and Decision

### I

■ Defendant first asserts that the evidence was not sufficient to sustain his conviction because State did not meet its burden of proof as to damages.

Determining whether the evidence is sufficient requires both a quantitative and a qualitative analysis. If the opposite can be drawn reasonably, then the evidence cannot be said to be insufficient. Quantitatively, evidence may fail only if it is absent, that is only when there is none at all. Qualitatively, however, it fails when it cannot be said reasonably that the intended inference may logically be drawn therefrom. The failure of an inference may occur as a matter of law when the intended inference can rest on no more than speculation and conjecture.

*Carbo, Inc. v. Lowe* (1988), Ind.App., 521 N.E.2d 977, 980, *trans. denied* (citing, *American Optical Co. v. Weidenhamer* (1983), Ind., 457 N.E.2d 181, 183–84; *Monumental Life Insurance v. Franko* (1985), Ind.App., 486 N.E.2d 608, 610–11). Here, there is no absence of evidence. The evidence presented is not based on speculation or conjecture, and the conclusion the trial court reached can be logically drawn.

■ Defendant argues that a civil standard, based on *City of Anderson v. Salling Concrete Corp.* (1980), Ind.App., 411 N.E.2d 728, should be used in measuring the damages to Mrs. Mitchell's home. The court's reasoning in *City of Anderson* is based on the civil remedy for monetary damages to prevent waste and to determine a fair amount a defendant should pay the plaintiff. This standard does not apply here. We agree with State that the purpose of presenting evidence on damages is to fulfill an element of a crime: Ind.Code 35–43–1–2(a)(2)(B)(i) criminal mischief exceeding twenty-five hundred dollars ($2,500.00). Once it is established that the amount is over twenty-five hundred dollars ($2,500.00), the exact amount is irrelevant in completing that element of the crime.

### II

■ Defendant contends that the trial court improperly ordered him to pay restitution to the victim as a condition of probation because the court did not inquire into Defendant's ability to pay. This argument is without merit. IC 35–38–2–2(a)(5) prescribes: "when restitution or reparation is a condition of probation, the court shall fix the amount, which may not exceed an amount the person can or will be able to pay, and shall fix the manner of performance." It is true that the court must determine the amount a person can pay before imposing such a condition. However, Defendant is mistaken in his belief that the trial court did not inquire into the amount Defendant could pay. The trial court reviewed a pre-sentence report which was compiled by a probation officer, who was an officer of the court. The report provided the trial court with Defendant's finan-

cial information and employment status; it also stated that he was in good health and had no dependents. This information was adequate to allow the trial court to make an informed and fair decision as to the amount of restitution to be paid and the manner by which the payment plan would be established. The statute is not specific as to the form the court must follow in determining a defendant's financial status, but the pre-sentence report, as part of the court's records, was adequate.

Defendant further argues that because he was determined to be eligible for indigent counsel, he also was indigent for purposes of the restitution determination. We do not agree. Both determinations are within the sound discretion of the trial court and are very different; the appointment of indigent counsel is to secure the right of representation for the defendant and should not be compared to the punishment after a finding of guilty. Imposition of restitution is a form of punishment and although it may cause some hardship, the trial court has discretion to determine the extent of the hardship and whether the defendant can still subsist after the payments. The trial court set up a payment schedule for the restitution payments in a manner it felt just to both parties involved.

Affirmed.

MILLER, P.J., and BUCHANAN, J., concur.