**Shannon SADDLER, Appellant,**

**v.**

**STATE of Indiana, Appellee.**

**No. 49A02–1102–CR–120.**

Court of Appeals of Indiana.

Sept. 13, 2011.

Publication Ordered Sept. 23, 2011.

Suzy St. John, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Shannon Saddler (Saddler), appeals her sentence for criminal mischief, a Class A misdemeanor, Ind. Code § 35–43–1–2(a)(1)(A)(i).

We reverse and remand with instructions.

### ISSUE

Saddler raises one issue on appeal, which we restate as follows: Whether the trial court abused its discretion by sentencing Saddler to incarceration for her failure to pay restitution.

### FACTS AND PROCEDURAL HISTORY

On November 29, 2010, the trial court held a bench trial and convicted Saddler of criminal mischief as a Class A misdemeanor. A sentencing hearing commenced immediately following conviction. The State requested probation for one year and restitution to the victim in the amount of $500. The trial court noted Saddler's prior criminal history, and asked if Saddler would "rather do jail time or offer to pay restitution?" (Transcript p. 46). After determining that Saddler could not pay restitution, the trial court continued to inquire whether or not Saddler would pay the restitution amount. The trial court stated, "I want the restitution otherwise I am going to have to give [Saddler] jail time." (Tr. p. 48). If Saddler paid the restitution amount of $500, the trial court said it would give her probation, telling her "[n]ow if you can come up with the money . . . in say two to four weeks or so, then I can give you probation and not have to give you jail time." (Tr. p. 48). Saddler later said she could pay the restitution within a few months. (Tr. pp. 49–50). The trial court continued the sentencing hearing to January 5, 2011.

On January 5, 2011, the sentencing hearing resumed. The trial court asked Saddler, "do you have the five hundred dollars?" (Tr. p. 57). Saddler responded that she did not. (Tr. p. 58). In response, Saddler's counsel argued that the trial court, in effect, sought to imprison Saddler for her failure to pay the restitution. The trial court disagreed, noting that it could not imprison Saddler for a probation violation if Saddler could not pay the restitution amount. However, rather than proceed to sentencing, the trial court discussed payment of restitution as a mitigating factor, with payment of restitution possibly affecting the length of the sentence. Saddler's counsel sought clarification from the trial court whether the trial court was demanding payment from Saddler prior to sentencing. The trial court stated that it had not yet decided Saddler's sentence, and while leaning toward imprisonment, decided to continue the sentencing hearing to allow Saddler further time to "pay all or some" of the restitution amount. (Tr. p. 65).

On January 27, 2011, the trial court held the final sentencing hearing and inquired as to the status of Saddler's restitution

payment. Saddler's counsel informed the trial court that Saddler had not paid the $500 restitution. The trial court stated that "I've already heard enough on this case to know that it warrants executed time and I ... I think I've already told her that if she failed to make restitution and we extended it to give her time to do it and she hasn't paid one dime, right?" (Tr. p. 78). Saddler responded that while she had not paid restitution, she had completed approximately 60 hours of community service. Saddler also provided details of the hardships she faced with her family, health, and her inability to work. After the State suggested an executed sentence, the trial court sentenced Saddler to 270 days at the Indiana Department of Correction and payment restitution in the amount of $500.

Saddler now appeals. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

By inquiring whether Saddler would pay restitution prior to determining her sentence at the final sentencing hearing, Saddler asserts that the trial court imposed a conditional sentence. The State counters that the trial court contemplated an executed sentence from the outset, that Saddler in fact received an executed sentence with a restitution order, and that throughout the continuances, the trial court offered Saddler a chance to mitigate her sentence if she paid the restitution amount.

■ We review the trial court's sentencing decision for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind.2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind.2007). An abuse of discretion occurs when the trial court's sentencing decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable probable,

and actual deductions to be drawn therefrom." *Id.* (quoting *K.S. v. State*, 849 N.E.2d 538, 544 (Ind.2006)).

■ Indiana law permits conditional sentences when restitution is a condition of probation. *See* I.C. § 35–38–2–2.3(a)(5). In such case, the trial court is obligated to first determine whether or not a defendant can afford to pay restitution. *Pearson v. State*, 883 N.E.2d 770, 772 (Ind.2008) (citing I.C. § 35–38–2–2.3(a)(5)). Both Saddler and the State also acknowledge that Indiana law does not otherwise permit conditional sentences. *See* I.C. § 35–50–1–1 to –9–1. Yet, the parties disagree on whether or not the trial court conditionally sentenced Saddler.

■ We find that the trial court, in effect, issued a conditional sentence by requiring Saddler to pay restitution prior to sentencing her. In response to the State's initial request for probation, the trial court inquired whether or not Saddler could pay restitution. Saddler said that she could not. This should have concluded the inquiry into Saddler's ability to pay restitution. Yet, the trial court did not proceed to sentencing. Instead, the trial court continued the sentencing hearing to give Saddler a chance to pay the restitution amount.

When Saddler could not pay the restitution amount at the first continuance, the trial court granted Saddler another chance to pay the restitution amount. At the second continuance, Saddler still had not paid the restitution. Only after giving Saddler two continuances to pay restitution, the trial court sentenced Saddler to 270 days' of incarceration along with restitution. It is clear then that Saddler's sentence was, in effect, conditional: payment of the restitution amount at any time prior to the second continuance determined which sentence Saddler received.

We therefore hold that the trial court abused its discretion by issuing a conditional sentence to Saddler, and remand to the trial court with instructions that the trial court resentence Saddler in accordance with this opinion.

## CONCLUSION

Based on the foregoing, we reverse and remand this case to the trial court with instructions to resentence Saddler in accordance with this opinion.

Reversed and remanded with instructions.

NAJAM, J. and MAY, J., concur.

## ORDER

On September 13, 2011, the COURT handed down its opinion in this appeal marked Memorandum Decision, Not for Publication. The Appellant, by counsel, has filed a Motion to Publish.

Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Appellant's Motion to Publish is GRANTED and this Court's opinion heretofore handed down in this cause on September 13, 2011, marked Memorandum Decision, NOT for Publication is now ORDERED PUBLISHED.

NAJAM, RILEY, MAY, JJ., concur.