# FOR PUBLICATION



**FILED**
Feb 08 2013, 9:22 am

*[signature]*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ELLEN F. HURLEY**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| HIAWATHIA HUNT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1207-CR-371 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

### APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Reuben Hill, Judge
Cause No. 49F18-1104-FD-27469

**February 8, 2013**

**OPINION – FOR PUBLICATION**

**MATHIAS, Judge**

Hiawathia Hunt ("Hunt") was convicted of Class D felony theft following a bench trial in Marion Superior Court and sentenced to 545 days in the Department of Correction. Hunt appeals and claims that the trial court imposed an improper conditional sentence.

We affirm.

**Facts and Procedural History**

Kelly Humphrey ("Humphrey") owned and operated a spa and salon in Indianapolis, where Hunt leased space and worked. On April 9, 2011, Humphrey went to her car, which was parked near the salon, and noticed that someone had broken into her car. The glove box had been opened, the car had been ransacked, and a video surveillance system had been taken. Also taken were tickets for a car wash that Humphrey was selling to raise funds for her son's little league baseball team. Humphrey had paid $440 for the tickets. Tr. pp. 4-5.

According to Hunt, he saw that the door was open on Humphrey's parked car and took the items in order to teach Humphrey a "lesson." Tr. p. 18. However, Hunt did not immediately tell Humphrey that he had taken the items, claiming that he and Humphrey had gotten into an argument about another matter and that he was thereafter unable to reach her. On April 17, 2011, Hunt sent Humphrey a text message informing her that he had taken the things from her car and stored them at the salon. Humphrey and Hunt later went to the salon, where Hunt retrieved the video surveillance system. However, when he went to retrieve the fundraising tickets, they were not where he claimed to have put them. Hunt told Humphrey that someone else must have taken the tickets, prompting Humphrey to call the police. The police interviewed Hunt, who admitted that he had

2

taken the items in order to teach Humphrey a lesson that it was unwise to leave her car unlocked.

On April 20, 2011, the State charged Hunt with Class D felony theft. At a bench trial held on July 9, 2012, Hunt claimed that he was attempting to "protect" Humphrey from herself, and insisted that he did not know what had happened to the missing tickets. Tr. p. 24. The trial court found Hunt guilty as charged, and the case proceeded to sentencing. Hunt's trial counsel indicated that Hunt had no problem paying restitution, asked for the opportunity to earn alternate misdemeanor sentencing, and requested probation. When Hunt spoke on his own behalf, he attempted to apologize to Humphrey, at which point the trial court asked, "You got her $400.00?" Humphrey replied, "I don't have it." The trial court then stated, "Well then the apology is not worth very much is it?" Tr. p. 45. Hunt then continued his apology and asked for leniency. The trial court then sentenced Hunt as follows:

> If you were that sorry you would have given her the $400.00 before today. And the other thing is . . . people come in here everyday, lawyers, people who are found guilty of stealing, shoplifting and what have you. And almost I get a sense that they fall victim to themselves, their own weaknesses. I see malice in this case. I see malice because you took Miss Humphrey's property and you didn't take care of it. You didn't get it back to her. I think you did it because you were angry with her. So I pick up on malice from all the evidence that I have heard in this case. I think you did it in a mean spirited way. And then to say I am sorry I didn't want to hurt your feelings or I didn't want to deprive you of this, then you should have gotten the $400.00 and given it to her. But, it shouldn't have gone this far. So I see it maybe . . . it manifests itself as a crime of theft but I see it as being different as well. It's aggravated and because of that you must serve 545 days in the Department of Corrections. Give you credit for the time that you served so far and suspend 270 days to be served on probation. And when you are on probation you must complete 80 hours of community service work and *[I will] make another deal with you because she needs*

3

*her $400.00 back. You pay that $400.00 and I will reconsider how much time you have to serve in prison.*

\* \* \*

Pay fines and costs in the amount of $350.00. Pay the expenses of probation. Complete 6 weeks of anger management classes since I pick up on some form of anger in this case that was manifested toward the Defendant . . . the victim in this case. *So if you want to come back and see me I will ask State to make sure that you are here and we will talk about it.* But now you must go with the Sheriff.

Tr. pp. 46-47 (emphases added). Hunt now appeals.

## Discussion and Decision

Hunt claims that the trial court imposed an impermissible conditional sentence. In support of his argument, Hunt relies solely on the holding of this court in Saddler v. State, 953 N.E.2d 1220 (Ind. Ct. App. 2011). In Saddler, the trial court asked the defendant during sentencing if she would "rather do jail time or offer to pay restitution," and explicitly told her, "I want the restitution otherwise I am going to have to give [Saddler] jail time." Id. at 1221. After determining that Saddler was unable to immediately to pay the restitution, the court stated, "[n]ow if you can come up with the money . . . in say two to four weeks or so, then I can give you probation and not have to give you jail time." Id.

The trial court continued the sentencing hearing twice to give Saddler more time to pay. When informed at the third and final sentencing hearing that Saddler had not paid any restitution, the trial court stated, "I've already heard enough on this case to know that it warrants executed time and . . . I think I've already told her that if she failed to make restitution and we extended it to give her time to do it and she hasn't paid one dime,

4

right?" Id. at 1222. The trial court then sentenced Saddler to 270 days executed and ordered her to pay restitution in the amount of $500.

On appeal, Saddler argued that the trial court had effectively imposed a conditional sentence, i.e., she would not have to serve executed time if she could pay the restitution but she would serve executed time if she did not pay restitution. The court on appeal noted that Indiana law permits conditional sentences only when restitution is a condition of probation. Id. (citing Ind. Code § 35-38-2-2.3(a)(5)). But if payment of restitution is a condition of probation, the trial court is obligated to inquire into the defendant's ability to pay restitution. Id. (citing Pearson v. State, 883 N.E.2d 770, 772 (Ind. 2008)); see also I.C. § 35-38-2-2.3(a)(5) ("When restitution or reparation is a condition of probation, the court shall fix the amount, which may not exceed an amount the person can or will be able to pay, and shall fix the manner of performance."). "This is so in order to prevent indigent defendants from being imprisoned because of a probation violation based on a defendant's failure to pay restitution." Pearson, 883 N.E.2d at 772 (citing Jaramillo v. State, 803 N.E.2d 243, 250 (Ind. Ct. App. 2004)).

The Saddler court then determined that the sentence imposed by the trial court in that case was an impermissible conditional sentence, writing:

> [T]he trial court, in effect, issued a conditional sentence by requiring Saddler to pay restitution prior to sentencing her. . . . Only after giving Saddler two continuances to pay restitution, the trial court sentenced Saddler to 270 days of incarceration along with restitution. It is clear then that Saddler's sentence was, in effect, conditional: payment of the restitution amount at any time prior to the second continuance determined which sentence Saddler received.

Saddler, 953 N.E.2d at 1222.

In the present case, Hunt claims that his sentence was also conditional. We disagree and find the present case distinguishable from Saddler. In that case, the trial court gave the defendant repeated opportunities to pay restitution and explicitly stated that if she did not pay restitution, then she was going to serve time in jail. See id. at 1221. Despite the trial court's later denials that it was not punishing Saddler for her failure to pay, the court's statements made it clear that the sentence it imposed was conditional. That is, if Saddler had paid the restitution, then the trial court was not going to impose executed time.

In contrast, here, the trial court imposed an executed sentence without giving Hunt numerous opportunities to pay restitution; nor did the trial court threaten Hunt with an executed sentence if Hunt was unable to pay the restitution. Instead, the court concluded that Hunt's remorse was insincere based on his failure to make any effort to pay the victim for the value of the items he had stolen. Only after imposing an executed sentence did the trial court inform Hunt that if he paid the victim back, the trial court would reconsider how much executed time Hunt would serve. Tr. pp. 46-47. We do not consider this to be a conditional sentence. Hunt's sentence was explicit and unconditional: 545 days executed, with credit for time served, and 270 days suspended to probation. The trial court simply informed Hunt that if he ever did pay the restitution, it could modify his sentence.

Indeed, a trial court may modify a defendant's sentence without approval of the prosecuting attorney if such a request is made within 365 days after the defendant begins serving the sentence, and certain conditions are met. See Ind. Code § 35-38-1-17(a). If

6

more than 365 days have passed, the trial court may still modify a defendant's sentence if the prosecuting attorney consents to such modification. <u>See</u> I.C. § 35-38-1-17(b). Additionally, the statute setting forth the sentencing range for a Class D felony conviction, Indiana Code section 35-50-2-7, was recently amended to provide that a sentencing court may, on petition by the defendant, convert a Class D felony conviction to a Class A misdemeanor conviction under certain circumstances. <u>See</u> <u>Alden v. State</u>, ___ N.E.2d ___, No. 30A01-1209-CR-412 (Ind. Ct. App. Jan. 29, 2013) (citing I.C. § 35-50-2-7(c) – (e)).

Thus, the trial court simply explained to Hunt that modification of his sentence was possible if he paid restitution to the victim; it did not make Hunt's sentence conditional on the payment of restitution. Because Hunt's sentence was not conditional, and because Hunt alleges no further error in his sentence, we affirm.

Affirmed.

KIRSCH, J., and CRONE, J., concur.