Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Nov 12 2013, 5:32 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ELIZABETH A. BELLIN**
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BILL R. CLARK, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1304-CR-160 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable George W. Biddlecome, Judge
Cause No. 20D03-1008-FB-26

**November 12, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Following a bench trial, Bill Clark ("Clark") was convicted of Class B felony dealing in methamphetamine and Class D felony maintaining a common nuisance. The trial court sentenced Clark to twelve years in the Department of Correction, with five years suspended to probation, and ordered him to pay restitution. Clark appeals and argues that the trial court abused its discretion in ordering him to pay restitution without adequately inquiring into his ability to do so.

We affirm.

### Facts and Procedure

On August 17, 2010, Elkhart police officers responded to reports of a strong chemical odor indicating the potential presence of a methamphetamine laboratory coming from a local apartment building. After speaking with residents of the apartment building who also noticed the odor, the officers determined that the smell was coming from Apartment Three. The officers attempted to make entry, first by knocking, and then by contacting the landlord, who provided them with a key to the apartment. The officers entered, found Clark inside, and observed in plain view large buckets that appeared to contain chemicals. The officers detained Clark, then returned to the police department to secure a search warrant for Clark's apartment.

After searching Clark's apartment, police seized several items commonly used to manufacture methamphetamine, including a five-gallon bucket containing fertilizer, a gallon jug of muriatic acid, a can of camping fuel, a bottle of drain cleaner, tubing, funnels containing coffee filters, rust remover pellets, and empty cold packs and pseudoephedrine blister packs.

On August 20, 2010, the State charged Clark with Class B felony dealing in methamphetamine and Class D felony maintaining a common nuisance. Clark waived his right to a jury trial. On February 26, 2013, following a bench trial, Clark was convicted on both counts.

Clark's presentence investigation report ("PSI") indicated that remediation of the site of Clark's methamphetamine laboratory had been performed by the Indiana State Police's Clandestine Laboratory Enforcement team at a cost of $1,913.82. The PSI further disclosed that Clark was thirty-two years old at the time of the offenses, that he had earned a Bachelor of Science degree from Western Michigan University, that he worked at Hi-Line in Elkhart from June 2007 to March 2010, that he had not received any prior mental health treatment, and that he suffered no health problems other than back problems and acid reflux.

A sentencing hearing was held on April 4, 2012. At the hearing, Clark stated that he had reviewed the PSI and verified that the information contained in it was accurate. The trial court sentenced Clark to an aggregate term of twelve years in the Department of Correction, with five years suspended to probation.

As a condition of his probation, Clark was ordered to pay restitution to the State of Indiana in the amount of $1,913.82. The trial court also ordered Clark to pay restitution to his landlord in an amount to be determined through the Victim Offender Reconciliation Program ("VORP"), court costs, and a $200.00 drug interdiction fee.

At the sentencing hearing, the trial court informed Clark that if Clark and his landlord failed to agree on an amount of restitution through the VORP process, the court

3

would order an evidentiary hearing to determine the amount due. Clark responded that he wished to avoid further hearings on the amount of restitution due and that he would ensure that the agreed-upon restitution amount "would be there." Tr. p. 232. He stated to the trial court:

> If I am going to have to stay here longer, then I will just stay for the evidentiary hearing. But if I am not, if you just, if I tell you I will agree and cooperate and whatever the price is, just put it to my probation, and I will know and I will cooperate.

Id.

Clark further stated that he understood that he had a right to contest the allegations of the landlord with respect to the amount of restitution due and that any agreement he reached with his landlord would not affect the amount of restitution due to the Indiana State Police.

Clark now appeals.

**Discussion and Decision**

Indiana Code section 35-50-5-3(a) provides that, in addition to any sentence imposed for a felony or misdemeanor, a court may order the payment of restitution to the victim of the crime. It is within the trial court's discretion to order restitution, and we will reverse only for an abuse of that discretion. Bennett v. State, 862 N.E.2d 1281, 1286 (Ind. Ct. App. 2007). An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before it, or if the trial court misinterprets or misapplies the law. Id.

4

If payment of restitution is a condition of probation, the trial court must inquire into the defendant's ability to pay restitution. Hunt v. State, 983 N.E.2d 196, 198-99 (Ind. Ct. App. 2013); see also Ind. Code § 35-38-2-2.3(a)(5) ("When restitution or reparation is a condition of probation, the court shall fix the amount, which may not exceed an amount the person can or will be able to pay, and shall fix the manner of performance."). "This is so in order to prevent indigent defendants from being imprisoned because of a probation violation based on a defendant's failure to pay restitution." Pearson v. State, 883 N.E.2d 770, 772 (Ind. 2008). While the statute requires an inquiry into the defendant's ability to pay, it neither specifies the extent to which the court must inquire into the defendant's financial status nor sets forth any particular procedure the trial court must follow in its determination. Smith v. State, 990 N.E.2d 517, 522 (Ind. Ct. App. 2013) trans. denied (citing Kays v. State, 963 N.E.2d 507, 509 (Ind. 2012); Smith v. State, 655 N.E.2d 133, 134 (Ind. Ct. App. 1995) trans. denied.).

Clark does not challenge the amount of restitution the trial court ordered him to pay and he does not claim that he is unable to pay that amount. Instead, Clark argues that the trial court "abused its discretion in ordering that [he] pay restitution as a condition of his probation without first making a determination of [his] ability to pay." Appellant's Br. at 6.

We disagree. Prior to sentencing, the trial court reviewed the PSI, which contained information relevant to Clark's ability to pay restitution, including his education, employment history, financial status, and health. This information indicated that Clark would be able to pay restitution. See Mitchell v. State, 559 N.E.2d 313, 315

5

(Ind. Ct. App. 1990) (holding that the "statute is not specific as to the form the court must follow in determining a defendant's financial status" but that the presentence report, which provided defendant's financial information and employment status and which disclosed that defendant was in good health and had no dependents, was adequate to allow trial court to determine the amount of restitution to be paid.). At the sentencing hearing, the trial court asked Clark if the information contained in the PSI was accurate and Clark confirmed that it was. Furthermore, Clark's counsel referred to the information set forth in the PSI and noted that Clark had fallen behind on his child support payments only after his incarceration in this case. Moreover, Clark specifically affirmed to the trial court that he had the means to pay restitution to both the Indiana State Police and his landlord. See Tr. p. 232.

**Conclusion**

For all of these reasons, and under the facts and circumstances of this case, we conclude that the trial court did not abuse its discretion when it determined Clark's ability to pay restitution.

Affirmed.

NAJAM, J., and BROWN, J., concur.