## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 29 2016, 9:31 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Benjamin Loheide
Law Office of Benjamin Loheide
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Andrew Tyler Fisher, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | April 29, 2016 <br><br> Court of Appeals Case No. <br> 03A01-1510-CR-1768 <br><br> Appeal from the Bartholomew <br> Circuit Court <br><br> The Honorable Stephen R. <br> Heimann, Judge <br><br> Trial Court Cause No. <br> 03C01-1411-F5-5142 |

**Bradford, Judge.**

## Case Summary

[1] At some point on or before September 7, 2014, Appellant-Defendant Andrew Tyler Fisher broke into the Bartholomew County home of Alfred Catlin and stole over $100,000.00 worth of tools and other personal property. As a result of Fisher's actions, Appellee-Plaintiff the State of Indiana (the "State") charged Fisher with Level 5 felony burglary and Level 6 felony theft. Fisher pled guilty to Level 6 felony theft on August 17, 2015. Pursuant to the terms of Fisher's plea agreement, Fisher agreed to pay restitution to Catlin and the State agreed to dismiss the Level 5 felony burglary charge. The trial court accepted Fisher's guilty plea, sentenced Fisher to a term of two years, with one year executed in the Bartholomew County Jail and one year suspended to probation, and ordered Fisher to pay $124,740.00 in restitution to Catlin.

[2] On appeal, Fisher contends that the trial court abused its discretion in ordering him to pay restitution to Catlin. Specifically, Fisher argues that the evidence is insufficient both to support the amount of the restitution order and to demonstrate that he has the ability to pay restitution. Concluding that the trial court did not abuse its discretion in ordering Fisher to pay $124,740.00 in restitution to Catlin, we affirm.

# Facts and Procedural History

[3] In September of 2014, Alfred Catlin was away from his home in Bartholomew County. On September 7, 2014, Catlin's neighbor noticed that Catlin's garage door was ajar. It was subsequently determined that over $100,000.00 worth of tools and other personal property had been stolen from Catlin's home. The

stolen property had been amassed by Catlin over thirty years of work, including running his own engine building business.

[4] The theft was linked to Fisher and his co-defendant after they tried to sell some of the stolen items. Fisher admitted that he and his co-defendant had loaded a twenty-seven- or thirty-two-foot-long U-Haul truck full of Catlin's tools and property. While some of Catlin's property was subsequently recovered from Fisher's co-defendant's home, a large amount of the property was never recovered.

[5] On November 10, 2014, the State charged Fisher with Level 5 felony burglary and Level 6 felony theft. Fisher pled guilty to Level 6 felony theft on August 17, 2015. Pursuant to the terms of Fisher's plea agreement, Fisher agreed to pay restitution to Catlin and the State agreed to dismiss the Level 5 felony burglary charge. The trial court subsequently accepted Fisher's guilty plea and sentenced him to a term of two years, with one year executed in the Bartholomew County Jail and one year suspended to probation. The trial court also ordered that Fisher

> shall make restitution to [Catlin] in the amount of One Hundred Twenty Four Thousand Seven Hundred Forty Dollars ($124,740.00). Said restitution shall be paid at the rate of Fifty Dollars ($50.00) per week until paid in full. The first payment is due four (4) weeks after probation begins.… Restitution shall be owed by [Fisher] and be paid jointly and severally by all convicted co-defendants.

Appellant's App. p. 33. This appeal follows.

# Discussion and Decision

[6] Fisher contends that the restitution order imposed by the trial court should be vacated because the trial court abused its discretion in ordering him to pay $124,700.00 in restitution to Catlin. Specifically, Fisher argues that the restitution order should be vacated for two reasons: (1) the evidence is insufficient to support the amount of restitution ordered and (2) the trial court did not inquire into his ability to pay. The State responds that the trial court's order should be upheld because Fisher waived his appellate challenge to the trial court's restitution order by agreeing to pay restitution to Catlin. Alternatively, the State argues that (1) the evidence is sufficient to support the imposed restitution order, and (2) the trial court adequately inquired into Fisher's ability to pay the ordered restitution.

[7] Pursuant to Indiana Code § 35-50-5-3, a trial court has the authority to order a defendant to pay restitution to the victim of a crime. "'The purpose behind an order of restitution is to impress upon the criminal defendant the magnitude of the loss he has caused and to defray costs to the victim caused by the offense.'" *C.H. v. State*, 15 N.E.3d 1086, 1096 (Ind. Ct. App. 2014) (quoting *Carswell v. State*, 721 N.E.2d 1255, 1259 (Ind. Ct. App. 1999)), *trans. denied*. It is well-settled that a restitution order must reflect the actual loss incurred by the victim and that any loss proven attributable to the defendant's charged crimes is recoverable as restitution. *Smith v. State*, 990 N.E.2d 517, 520 (Ind. Ct. App. 2013).

The imposition of an order of restitution is a matter within the trial court's sound discretion and will only be reversed upon a showing of an abuse of that discretion. *Henderson v. State*, 848 N.E.2d 341, 346 (Ind. Ct. App. 2006). "An abuse of discretion occurs when the trial court's determination is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *C.H.*, 15 N.E.3d at 1096 (citing *P.J. v. State*, 955 N.E.2d 234, 235 (Ind. Ct. App. 2011)). "Under our abuse of discretion standard, we will affirm the trial court's decision if there is any evidence supporting the decision." *Smith*, 990 N.E.2d at 520. If, however, the evidence supporting a restitution order is found lacking, the appropriate remedy is to remand to the trial court for additional evidence. *Iltzsch v. State*, 981 N.E.2d 55, 57 (Ind. 2013).

# I. Waiver

The State argues that Fisher waived the instant challenge to the trial court's restitution order because he agreed to pay restitution "as the Court might order." Tr. p. 11. The State cites to our conclusion in *C.H.* in support of this argument. In *C.H.*, we concluded that although "a number of cases have emphasized this Court's preference for reviewing a trial court's restitution order even absent an objection by the defendant[,]" the defendant had, nonetheless, waived his appellate challenge to the trial court's restitution order by affirmatively agreeing to the imposition of restitution. 15 N.E.3d at 1096. We further concluded that C.H. "waived error by not objecting to the restitution order and invited error by affirmatively agreeing to the terms which he [later]

argue[d] were erroneous." *Id.* at 1097. Thus, because C.H. invited error, and invited error is not reversible error, C.H. waived his appellate challenge to the restitution order. *Id.*; *see also Mitchell v. State*, 730 N.E.2d 197, 200-01 (Ind. Ct. App. 2000) (providing that Mitchell waived his appellate challenge to the trial court's restitution order by agreeing to pay restitution), *trans. denied*.

[10] Here, the terms of Fisher's plea agreement demonstrate that Fisher affirmatively agreed to pay restitution. In exchange, the State agreed that should Fisher "successfully complete his sentence/probation including payment of restitution to [Catlin,]" his conviction may be modified from a Level 6 felony to a Class A misdemeanor. Appellant's App. p. 16. Furthermore, during the sentencing hearing, Fisher reiterated that he agreed to pay restitution "as the Court might order." Tr. p. 10. Fisher indicated that he would be able to support himself and pay restitution following his release from incarceration because he had secured employment following release. The trial court accepted Fisher's plea agreement and ordered Fisher to pay $124,700.00 in restitution to Catlin.

[11] Similar to the situations presented in *C.H.* and *Mitchell*, the facts of the instant matter demonstrate that Fisher invited any alleged error with regard to the trial court's restitution order by agreeing to pay restitution "as the Court might order." Tr. p. 10. Again, invited error is not reversible error. *See C.H.*, 15 N.E.2d at 1097; *Mitchell*, 730 N.E.2d at 201. We therefore conclude that Fisher waived the instant appellate challenge to the trial court's restitution order because he invited the claimed error by affirmatively agreeing to pay restitution.

# II. Sufficiency of the Evidence

Furthermore, even if we were to determine that Fisher preserved the instant challenge, the record demonstrates that the evidence presented before the trial court is sufficient to support the trial court's restitution order.

## A. Amount of Catlin's Loss

Fisher argues that the evidence is insufficient to support the trial court's finding relating to Catlin's loss. We disagree.

"The amount of a victim's loss is a factual matter that can be determined only on presentation of evidence." *Smith*, 990 N.E.2d at 520 (citing *Rich v. State*, 890 N.E.2d 44, 49 (Ind. Ct. App. 2008)). "Evidence supporting a restitution order is sufficient 'if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture.'" *S.G. v. State*, 956 N.E.2d 668, 683 (Ind. Ct. App. 2011) (quoting *T.C. v. State*, 839 N.E.2d 1222, 1227 (Ind. Ct. App. 2005)). Again, we will affirm the trial court's decision if there is any evidence supporting the decision." *Smith*, 990 N.E.2d at 520.

Here, Catlin testified that the value of his lost property, *i.e.*, the property not recovered, was $138,589.00. In support of this testimony, Catlin provided an itemized list of all of the property still missing following the recovery of some of the stolen items from the home of Fisher's co-defendant. This itemized list also included the value of missing property. Catlin testified that the values were based on what he paid for the property and asserted that the values were accurate to "within ten percent." Tr. p. 30. The trial court considered Catlin's

testimony and ordered restitution in the amount of $124,740.00, or ninety percent of the value claimed by Catlin. Because the trial court's order was based on Catlin's testimony and detailed list of the value of the missing property, the trial court's order cannot be said to be based merely on speculation or conjecture. As such, we conclude that the trial court's order that Fisher pay $124,740.00 in restitution to Catlin, which reflected the amount of Catlin's loss, was supported by the evidence.

## B. Fisher's Ability to Pay

Fisher also argues that the evidence is insufficient to support the trial court's finding relating to whether he had the ability to pay restitution. Again, we disagree.

"Although the trial court must determine the defendant's ability to pay the amount of restitution ordered … the statute is not specific as to the form the court must follow in determining the defendant's financial status." *Smith v. State*, 655 N.E.2d 133, 134 (Ind. Ct. App. 1995) (citing *Polen v. State*, 578 N.E.2d 755, 758 (Ind. Ct. App. 1991), *trans. denied* and *Mitchell v. State*, 559 N.E.2d 313, 315 (Ind. Ct. App. 1990), *trans. denied*). "Thus, an order of restitution is a matter within the trial court's discretion and we will reverse only when an abuse of discretion occurs." *Id*. (citing *Vanness v. State*, 605 N.E.2d 777, 783 (Ind. Ct. App. 1992), *trans. denied*). We have further recognized that the imposition of restitution is a form of punishment and "although it may cause some hardship, the trial court has discretion to determine the extent of the

hardship and whether the defendant can still subsist after the payments." *Id*. (quoting *Mitchell*, 559 N.E.2d at 315).

[18] Here, the trial court heard testimony from Fisher that he secured employment following his release from prison and that this employment would enable him to support himself and to pay restitution. Although the trial court did not hear evidence relating specifically to the amount of compensation that Fisher would earn from this employment, given Fisher's testimony, we conclude that the evidence was sufficient to support the trial court's finding that Fisher would be able to pay the relatively low amount of $50.00 per week in restitution.

# Conclusion

[19] The trial court did not abuse its discretion in ordering Fisher to pay $124,740.00 in restitution to Catlin.

[20] The judgment of the trial court is affirmed.

Bailey, J., and Altice, J., concur.