May, Judge. T.H. appeals his adjudication as a delinquent child based on the trial court finding he had committed an act that, if committed by an adult, would be Class A misdemeanor criminal mischief.[1] T.H. argues the State failed to prove he committed the $750 in damages required for the Class A misdemeanor finding. We agree and order the trial court to correct its records to indicate T.H.’s adjudication was based on his commission of an act that would be Class B misdemeanor criminal mischief if committed by an adult. Facts and Procedural History In the second half of July 2016, T.H. threw1 a brick through the passenger side window of Maria Castro’s 2006 Toyota Sienna. T.H.’s mother saw him' throw the brick and immediately called the police. T.H. was arrested and taken to the Juvenile Detention Center. On July 25, 2016, the State filed a delinquency petition alleging T.H. had committed an act that, if committed by an adult, would be Class A misdemeanor criminal mischief: On or about the 22nd day of July, 2016, said child did recklessly, knowingly or intentionally damage or deface the property of Maria Castro . by having thrown an object which broke Castro’s car window, in an amount greater than seven hundred fifty dollars ($750) but less than fifty thousand dollars ($50,000). (Appellant’s App. Vol. II at 16.) After an informal adjustment failed, the court held a fact-finding hearing as to the allegation. The State called Castro, who testified she owned a 2006 Sienna and, on July 22, 2016, “the window on the passenger side was broken and there was a big rock-in fact, it scratched1 the dashboard of the vehicle[.]” (Tr. at 33.) Castro explained she took the car to a Toyota dealership between Lafayette . Road and Georgetown Road and asked for an estimate for repair of the damage, and then she returned later to get the car and the estimate. When asked whether she had the vehicle repaired, she testified: “They just put the glass on because my husband needed to work[.]” (Id. at 36.) She did not know how much that repair had cost or where the vehicle had been repaired. Counsel for T.H. then cross-examined Castro about the estimate, pointing out numerous irregularities that called into question the validity of the estimate. The trial court found T.H, had committed criminal mischief that caused more than $750 in damages, which would have been a Class A misdemeanor, and adjudicated him a juvenile delinquent. The trial court did not issue an order of restitution, choosing instead “to release the records for the purpose of civil litigation.” (Id. at 53.) Discussion and Decision When an appellant challenges the sufficiency of evidence to support a trial court’s findings, we will consider only probative evidence in the light most favorable to the trial court’s judgment. Binkley v. State, 654 N.E.2d 736, 737 (Ind. 1995), reh’g denied. The decision comes before us with a presumption of legitimacy, and we will not substitute our judgment for that of the fact-finder. Id. We do not assess the credibility of the witnesses or reweigh the evidence in determining whether the evidence is sufficient. Drane v. State, 867 N.E.2d 144, 146 (Ind. 2007). Reversal is appropriate only when no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. Id. Thus, the evidence is not required to overcome every reasonable hypothesis of innocence and is sufficient if ah inference may reasonably be drawn from it to support the verdict. Id. at 147. The trial cburt found T.H. committed Class A misdemeanor criminal mischief, which is defined as: A person who recklessly, knowingly, or intentionally damages or defacés property of another person without the other person’s consent commits criminal mischief, a Class B misdemeanor. However, the offense is: (1) a Class A misdemeanor if the pecuniary loss is at least seven hundred fifty dollars ($750) but less than fifty thousand dollars ($50,000)[.] Ind. Code § 35-43-l-2(a) (2016). T.H. acknowledges he committed Class B misdemeanor criminal mischief when he threw the brick through the window of Castro’s car, but he challenges the court’s finding that he committed more than $750 in damage to that car. The State asserts we need not address T.H.’s argument because, regardless whether he committed Class A or Class B misdemeanor criminal mischief, his adjudication as a delinquent child remains intact. This is true; however, the trial court also released the documents regarding T.H.’s adjudication for the purposes-of civil litigation. As the burden of proof is higher in criminal cases than civil cases, T.H.’s adjudication results in a presumption that he committed at least $750 in damages. As his adjudication could have financial consequences, we decline to ignore T.H.’s concerns about the validity of the trial court’s finding regarding the monetary damages caused by his delinquent act - Castro testified the car window was broken and the dashboard was scratched. She also testified that she went to a Toyota dealership “between Lafayette and Georgetown” to get an estimate for repair of the damage, but she could not remember when she got the estimate or when she turned it in: to the prosecutor. (Tr. -at 34.) Castro did not stay at the dealership while the estimate was prepared; she dropped the car off and went back later for the car and the estimate. Based on her testimony that the document presented was the document She received, the trial court admitted State’s Exhibit 1:’ [[Image here]] (Ex. at 3.) In his cross-examination of Castro, T.H.’s counsel challenged nearly a dozen aspects of this Exhibit: it is dated five months prior to T.H.’s delinquent act; the dealership’s name is erroneously written as one word; the phone number calls a private citizen, not the dealership; no quotation number is listed; the VIN# does not match Castro’s car; the estimate does not indicate the make, model, or brand of the vehicle; the arithmetic does not add up to the Total; there is no indication which door glass or door panel was to be replaced; and there is no rate for the labor or explanation of the labor for each repair. In our review of the document, we also noted the address of the dealership is misspelled, the sales tax of 7% is incorrectly calculated, no contact information was included in the designated area at the bottom of the form, and there is no logical way to reconcile the arithmetical disparities that plague the estimate. Recently, our Indiana Supreme Court modified the standard of review for sufficiency of evidence cases to provide “a narrow failsafe” for cases involving video evidence: This rule has since been stated as courts “give almost total deference to the trial court’s factual determinations unless the video recording indisputably contradicts the trial court’s findings.” State v. Houghton, 384 S.W.3d 441, 446 (Tex. App. 2012). We find this to be a workable approach that allows for appropriate deference to the trial court unless and until there is a reason such deference is not appropriate. We recognize these situations may be rare. But in those instances, where the video evidence indisputably contradicts the trial court’s findings, relying on such evidence and reversing the trial court’s findings do not constitute reweighing. To be clear, in order that the video evidence indisputably contradict the trial court’s findings, it must be such that no reasonable person could view the video and conclude otherwise. When determining whether the video evidence is undisputable, a. court should assess the video quality including whether the video is grainy pr otherwise obscured, the lighting, the angle, the audio and whether the video is a complete depiction of the events at issue, among other things. In cases where the video evidence is somehow not clear or complete or is subject to different interpretations, we defer to the trial court’s interpretation. Love v. State, 73 N.E.3d 693, 699-700. (Ind. 2017). Like video evidence, documents submitted as exhibits are capable of being reviewed de novo by. an appellate court. See, e.g., Trinity Homes, LLC v. Fang, 848 N.E.2d 1065, 1068 (Ind. 2006) (“where a small claims case turns solely on documentary evidence, we review de novo, just as we review summary judgment rulings and other ‘paper records’ ”). However, when “the. evidence submitted by. the parties and evaluated by the trial court was not limited to documents,” our review is for clear error. Indiandpolis Convention & Visitors Assn, Inc. v. Indianapolis Newspapers, Inc., 577 N.E.2d 208, 211 (Ind. 1991). The Exhibit here was .rife with error, at best, and likely fraudulent. It included multiple spelling and arithmetic errors,- as well as incorrect information regarding the vehicle and its condition, the date of. the damage, and the contact phone number. It simply was not credible evidence of Castro’s alleged damages. As a result, we hold that the State failed to prove the $750 in damages required ■ to support a true finding of criminal mischief as a Class A misdemeanor if committed by an adult.[2] The evidence does, however, support a.true finding of Class B misdemean- • or criminal mischief, as T.H. admitted throwing a brick through the window of Castro’s car.'We accordingly remand for the court to modify its records to indicate T.H. was adjudicated a delinquent for committing an act that would be Class B misdemeanor criminal mischief if committed by an adult. ■CONCLUSION As the State failed to'provide any credible evidence of the damage T.H. caused to Castro’s car, the State, failed to prove an essential element of Class A misdemeanor criminal mischief. We accordingly reverse - the court’s finding that T.H. committed more than $750.00 in damage. We affirm T.H.’s adjudication as a delinquent, but remand for the court to modify its records to indicate T.H. committed, an act that would be Class B misdemeanor criminal mischief. Affirmed and remanded, Barnes, J., concurs. Bradford, J., dissents with opinion. . Ind. Code § 35-43-1-2 (2016). . The State, relying on Mitchell v. State, 559 N.E.2d 313 (Ind. Ct. App. 1990), txans. denied, asserts "the exact amount of the damages is irrelevant for purposes of proving the pecuniary loss element ... once the evidence establishes that the damages exceed-the threshold , amount.” (Appellee’s Br. at 9.) In Mitchell; the defendant drove his grain truck into his own house three times after a' fight with his wife. An estimator, employed as such for twenty years, testified that the damages were $11,053.20. We held the purpose of presenting evidence on darri-ages is to fulfill an element of a crime: Ind. Code 35-43-l-2(a)(2)(B)(i) criminal mischief exceeding twenty-five hundred dollars ($2,500.00). Once it is established that the amount is over'twenty-five hundred dollars ($2,500.00), the exact amount is irrelevant in completing that element of the crime. Mitchell, 559 N.E.2d at 314. Here, in contrast, no witness with, twenty years of car repair experience testified as to the amount of damage to Castro's car. Rather, Castro testified to the total damage listed on State’s Exhibit 1. Castro testified she was not present when the estimate was produced, and she did not know how or why the document contained the information that it contained. As such, her credibility could riot vouch for the credibility of the Exhibit. The Exhibit had to stand or fall on its own merits, and in light of all the errors in the Exhibit, there is no reason to believe this estimate wds provided by anyone with any knowledge whatsoever. The exhibit fails to serve as any evidence of damages, much less the threshold amount required for a finding of Class A misdemeanor damages. Mitchell is inapposite.