


FILED

Mar 09 2018, 3:48 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 18S-JV-80

## T.H.,

*Appellant (Respondent below),*

—v—

## State of Indiana,

*Appellee (Petitioner below).*

---

Argued: March 9, 2018 | Decided: March 9, 2018

Appeal from the Marion Superior Court, No. 49D09-1607-JD-1198

The Honorable Marilyn A. Moores, Judge

On Petition to Transfer from the Indiana Court of Appeals,

No. 49A02-1703-JV-518

---

**Per Curiam Opinion**

All Justices concur.

**Per curiam.**

T.H., a juvenile, threw a brick through the window of Maria Castro's vehicle. T.H.'s mother saw what happened and reported it to police. The State filed a petition alleging T.H. committed a delinquent act that would be criminal mischief, a Class A misdemeanor, if committed by an adult. The State's petition alleged T.H. caused loss to Castro's property in an amount of at least $750 but less than $50,000.

At the fact-finding hearing, Castro testified there was damage to her vehicle's window and dashboard and that she took her vehicle to a Toyota dealership where she received a written estimate for repair. That estimate was admitted as State's Exhibit 1. After the hearing, the trial court found T.H. committed criminal mischief that caused at least $750 in loss, which would be a Class A misdemeanor, and adjudicated T.H. delinquent. The court did not issue any order of restitution, choosing instead to release the juvenile court records for civil litigation.

When T.H. appealed, a divided panel of the Court of Appeals affirmed the delinquency adjudication but held the State failed to present sufficient evidence to prove beyond a reasonable doubt that his actions resulted in at least $750 in loss. The Court of Appeals remanded and instructed the trial court to modify its records to show the adjudication entered for an act that would be criminal mischief as a Class B misdemeanor only. *T.H. v. State*, 86 N.E.3d 420 (Ind. Ct. App. 2017), *vacated*.

Convictions should be affirmed unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Moore v. State*, 27 N.E.3d 749, 754 (Ind. 2015). "If the inference drawn by the trier of facts must rest upon speculation or conjecture, it cannot be drawn beyond a reasonable doubt, and we are required to set it aside." *Shutt v. State*, 267 Ind. 110, 114, 367 N.E.2d 1376, 1378 (1977). The same proof-beyond-a-reasonable-doubt standard that applies in adult criminal prosecutions applies in delinquency adjudications where the juvenile is charged with violating criminal law. *In re Winship*, 397 U.S. 358 (1970).

Having granted transfer and held oral argument, we review the evidence, including the testimony of witnesses and State's Exhibit 1. The

State acknowledges that the adequacy of its proof of the amount of loss depends on State's Exhibit 1. Considering the exhibit's multiple unexplained anomalies, we agree with T.H. that no reasonable fact-finder could find the element of loss of at least $750 proven beyond a reasonable doubt. Accordingly, T.H.'s adjudication as a delinquent is affirmed, but we remand the case to the trial court to modify its records to show T.H. committed an act that would be criminal mischief as a Class B misdemeanor.

All Justices concur.

ATTORNEYS FOR APPELLANT

Ruth Ann Johnson
Deborah Markisohn
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana