## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 08 2019, 10:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Darren Bedwell
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kathleen Rexroat,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 8, 2019

Court of Appeals Case No.
19A-CR-28

Appeal from the Marion Superior
Court

The Honorable Amy M. Jones,
Judge

The Honorable Jason Reyome,
Magistrate

Trial Court Cause No.
49G08-1805-CM-14988

**Altice, Judge.**

## Case Summary

[1] Kathleen Rexroat appeals her conviction for criminal mischief as a Class A misdemeanor. She contends that the State failed to present sufficient evidence that the pecuniary loss to the victim amounted to at least $750.

[2] We affirm.

## Facts & Procedural History

[3] In April 2018, Rodney Smith owned a home in which he lived with Rexroat's mother, Debra, and uncle, Robert. Rexroat had lived in the home also but moved out due to "some things that were going on with her and her boyfriend". *Transcript* at 6. When she moved out, Rexroat left some personal items behind.

[4] On the afternoon of April 22, 2018, Rexroat drove to Smith's home to retrieve her belongings, which Debra had put out on the sidewalk. Rexroat parked in front of the home and loaded her things into her vehicle. Rexroat then "peeled out from in front of the house" and turned the corner, heading to the alley behind the home. *Id*. Robert, who had been watching from inside, ran out of the house and toward the detached garage in the back. As he rounded the corner of the garage, Robert heard a "thud" and then looked up to see Rexroat's vehicle "right in the driveway with the back end of her car right in line with the overhead garage door." *Id*. at 13. Rexroat then yelled out the window at Robert as she pulled away.

[5] Immediately thereafter, Robert observed damage to several panels of the overhead garage door, which had just recently been replaced. The newly

damaged panels were "pushed inward", which "caused the sides of the garage door to come loose from the track around the garage." *Id.* at 10.

[6] The State charged Rexroat with criminal mischief as a Class A misdemeanor, alleging that the resulting pecuniary loss to Smith was at least $750. At the bench trial on December 6, 2018, the State submitted photographs of the damaged garage door into evidence. Both Smith and Robert testified that this damage did not exist prior to the events in question. Further, Smith testified that he had obtained an estimate for the cost to repair his garage door in the amount of $1100.

[7] The trial court found Rexroat guilty as charged and sentenced her to 180 days in jail, all suspended to probation. Rexroat now appeals, challenging the sufficiency of the evidence.

## Discussion & Decision

[8] "Convictions should be affirmed unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *T.H. v. State*, 92 N.E.3d 624, 626 (Ind. 2018). Further, it is well established that when reviewing the sufficiency of the evidence on appeal, we must consider only the probative evidence and reasonable inferences supporting the conviction, and we should not assess witness credibility or weigh the evidence. *See Moore v. State*, 27 N.E.3d749, 754 (Ind. 2015).

[9] Rexroat's sole argument on appeal is that the State failed to establish that the amount of loss was at least $750.[1] In other words, Rexroat does not dispute that she damaged Smith's overhead garage door by purposefully driving into it. Her claim is simply that Smith's testimony that he obtained a repair estimate of $1100 for the garage door was insufficient to establish the amount of loss.

[10] We reject Rexroat's blatant invitation to reweigh the evidence. Smith testified that he obtained an estimate for repairs to his overhead garage door. He testified that the estimate was about $1100. Additionally, the State submitted into evidence two pictures of the garage door, which showed significant damage. Based on the evidence presented, a reasonable fact-finder could find the element of loss of at least $750 proven beyond a reasonable doubt.[2]

[11] Judgment affirmed.

Kirsch, J. and Vaidik, C.J., concur.

---

[1] Criminal mischief is a Class A misdemeanor if the pecuniary loss to the victim is at least $750. *See* Ind. Code § 35-43-1-2(a)(1). If the amount of loss is less than $750 or not established, however, the offense is a Class B misdemeanor. I.C. § 35-43-1-2(a).

[2] Rexroat's reliance on *T.H.*, 92 N.E.3d 624, is misplaced. In that case, the victim did not testify regarding how much the repairs to her car cost her or the amount of any estimates. Rather, the only evidence admitted with respect to the amount of pecuniary loss was an estimate that, according to our Supreme Court, had "multiple unexplained anomalies". *Id.* at 626. Based on the obviously fraudulent estimate, which was the only evidence of loss, the Court found that "no reasonable fact-finder could find the element of loss of at least $750 proven beyond a reasonable doubt." *Id.*