## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 10 2019, 9:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark S. Lenyo
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah Swinney
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Lance Miller,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

September 10, 2019

Court of Appeals Case No.
19A-CR-732

Appeal from the St. Joseph
Superior Court

The Honorable Margot F. Reagan,
Judge

The Honorable Keith Doi,
Magistrate

Trial Court Cause No.
71D04-1806-CM-2289

**Altice, Judge.**

## Case Summary

[1] Lance Miller appeals his conviction, following a bench trial, for Class A misdemeanor battery resulting in bodily injury. His sole challenge is to the sufficiency of the evidence.

[2] We affirm.

## Facts & Procedural History

[3] Miller's mother, Debra Schmidt, owns property in rural St. Joseph County. Miller lived in the home on that property and kept belongings, including a motorcycle, in a detached garage. At some point prior to May 27, 2018, Debra and her husband Rodney Schmidt, Miller's longtime stepfather, asked Miller to move off the property because Miller had not been keeping it up or paying the utility bills. Miller refused.

[4] On May 27, 2018, Debra and Rodney went to the property, where they also kept a camper, and worked on cleaning out the garage. They pulled everything out of the garage to power wash the inside. This included pushing out Miller's motorcycle, which they covered with plastic while it sat outside. After power washing, Debra, Rodney, and a friend sat in folding chairs in front of the camper drinking beer.

[5] While they were sitting outside that afternoon, Miller and his father and brother pulled into the driveway, and Miller exited the vehicle to go into the home to feed cats inside. When Miller observed that items had been pulled out of the garage, he became angry. Debra stood up and Rodney remained in his chair, as

Miller walked toward them asking about his motorcycle. Miller then bypassed Debra and ran toward Rodney. Miller head-butted Rodney in the face and then punched him three or four times in the face and head. Rodney managed to get Miller off of him, and Debra stepped in between the two. Rodney called 911, and Miller left with his father and brother within five to ten minutes. As a result of the attack, Rodney had a laceration on his nose, swelling around one of his eyes, and a cut on his arm. Photographs were taken of these injuries once officers arrived on the scene about an hour later.

[6] On July 3, 2018, the State charged Miller with Class A misdemeanor battery resulting in bodily injury. Three witnesses testified at the short bench trial held on March 14, 2019. Rodney testified for the State as detailed above. Miller and his brother Levi testified for the defense. Miller and Levi acknowledged coming onto the property while Debra and Rodney sat outside the camper. They claimed, however, that although there was an exchange of words, there was no physical confrontation between Miller and Rodney. At the conclusion of the evidence, the trial court found Miller guilty, explaining:

> Upon reviewing all the evidence that was presented and in particular due to the physical evidence of the victim's injuries as depicted in Exhibits 3 and 4, that I find [Rodney's] testimony to be more credible under the circumstances, that those injuries are consistent with what his testimony was that [Miller] headbutted him and punched him and caused those particular injuries.

*Transcript* at 34. The trial court then sentenced Miller to a 30-day suspended sentence and 180 days of reporting probation. Miller now appeals.

**Discussion & Decision**

[7] "Convictions should be affirmed unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *T.H. v. State*, 92 N.E.3d 624, 626 (Ind. 2018). Further, it is well established that when reviewing the sufficiency of the evidence on appeal, we must consider only the probative evidence and reasonable inferences supporting the conviction, and we should not assess witness credibility or weigh the evidence. *See Moore v. State*, 27 N.E.3d 749, 754 (Ind. 2015). The trier of fact is entitled to determine which version of the incident to credit and is the sole judge of the effect that any discrepancies or contradictions might have on the outcome of the case. *Scott v. State*, 867 N.E.2d 690, 695 (Ind. Ct. App. 2007), *trans. denied*.

[8] On appeal, Miller does not dispute that Rodney's testimony – if believed – was sufficient to support his conviction. He simply contends that Rodney's account, which directly conflicted with Miller's and Levi's, was not credible because his testimony was "inconsistent, unpersuasive, and wholly corroborated [sic] by any other witness testifying at trial of this case." *Appellant's Brief* at 10. Miller notes in this regard that (1) Rodney gave conflicting testimony regarding whether Miller left immediately after the attack or went into the house for several minutes before leaving; (2) Rodney testified that the chair in which he was sitting collapsed during the attack but in the picture of the folding chair (taken an hour later), the chair is upright with an intact beer sitting on the side arm; and (3) Rodney's testimony "lacked any detail or clarity." *Id*. at 11.

[9] We reject Miller's blatant invitation for us to reassess Rodney's credibility. Miller made these same arguments to the trial court. The trial court rejected Miller's position and expressly found Rodney's testimony more credible than Miller's and Levi's, noting that Rodney's injuries were consistent with his account. This credibility determination was entirely within the province of the trial court, and the conviction is, thus, supported by ample evidence. *See Scott*, 867 N.E.2d at 695.

[10] Judgment affirmed.

Brown, J. and Tavitas, J., concur.